CASE 69—ORDINARY—FEBRUARY 28.

# Taylor's adm'r v. The Pennsylvania Company.

### APPEAL FROM JEFFERSON CIRCUIT COURT.

1. A personal representative has no rights nor powers beyond the jurisdiction of the state under whose laws he received his appointment. He cannot receive his appointment in Kentucky and appeal in this state to the statutes of Indiana to recover damages for injuries to the decedent caused by a railroad company in that state.

2. An administrator appointed in Kentucky, and suing in this state, must be able to show that the laws of this state entitle him to recover the thing sued for.

M. MUNDAY FOR APPELLANT.
No brief.

CHAS. H. GIBSON FOR APPELLEE.

1. The Jefferson circuit court has no jurisdiction to try and determine this cause.

2. The plaintiff has no legal capacity to prosecute this action. (23 N. Y., 465; 30 Barb., 99; 18 Ill., 349; 45 Maryland, 177; Shearman & Redfield on Negligence, 296; 71 Ill., 344; 98 Mass., 85; 4 Allen, 233; 12 Ibid, 438; 4 Ill., 521; 22 Ill., 609; 10 Ohio, 121.)

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

The appellant, as administratrix of her deceased husband, William Taylor, brought this action in the Jefferson circuit court against the appellee to recover damages for the loss of the life of her intestate through the negligence of the appellee.

The petition showed that the intestate was domiciled in Jefferson county, in this state, at the time of his death; that the appellant was appointed administratrix by the county court of that county, and it also showed that the intestate was killed in the state of Indiana while acting in the capacity of brakeman on one of the appellee's trains.

Taylor's adm'r v. The Pennsylvania Company.

The action was based on an Indiana statute, which pro-- vides as follows:

"When the death of any one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed five thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

The appellee demurred, and the court sustained the demurrer and dismissed the petition.

By the rules of the common law no civil action could be maintained by any one for the death of a human being. But both in England and in many of the states of our Union this defect in the common law has been remedied by statute.

In some states a right of action is given to the widow and children of the deceased, and in others it is given to his personal representatives.

In this state the right of action in one class of cases is given to the widow and children (or either or any of them) of the person killed. (Sec. 6, chap. 1, Gen. Stat.)

In another class the right is given to the personal representative alone (sec. 1, chap. 57, Gen. Stat.); and in still another class to the widow, heir, or personal representative. (Sec. 3, chap. 57.)

In Indiana, Illinois, Ohio, and New York, and perhaps in other states, the right of action is given to the personal representative, but the recovery is declared to be for the

·exclusive benefit of the widow and children or next of kin ·of the decedent.

Under these statutes the recovery is not an asset in the hands of the administrator, to be disposed of as the estate of the decedent, but he takes it as trustee for those who are ·declared by the statute to be beneficiaries. (Chicago v. Major, 18 Illinois, 349; Woodard v. Railroad Company, 10 ·Ohio St. R., 121.)

As said in the latter case, "it is a right of action given by statute, not to the intestate but to his personal represent- ·atives; not as general assets, but as a trust for the widow and next of kin in respect of a pecuniary loss they are supposed to have sustained."

The personal representative does not take it in virtue of his office, but is the person designated by statute in whose name it is to be recovered, not for the ordinary purposes of administration, but to be distributed as a trust fund.

A personal representative, as such, has no rights or pow- ers beyond the jurisdiction of the government under whose laws he received his appointment, and *a priori* he cannot have any rights nor be subject to any obligations or duties not imposed by the law of his official domicile. He cannot carry his official character abroad, nor can his official powers and duties at home be affected by foreign laws.

A Kentucky administrator, suing in a Kentucky court, must be able to show that the laws of Kentucky entitle him to the thing sued for. He cannot receive his office from one jurisdiction and appeal to the laws of another jurisdiction for rights or powers not given by the law which created him.

Nor can we for a moment suppose that the legislature of Indiana intended that the law should have any extra-terri- torial operation. When the statute confers a right of action

Taylor's adm'r v. The Pennsylvania Company.

on personal representatives, and prescribes their duties with respect to the money they may recover in such actions, we must suppose reference is made to personal representatives appointed under the laws of Indiana. The legislature of that state has no power to prescribe the duties of a personal representative appointed under the laws of another state, and it would be absurd to suppose that it intended to do so.

If the appellant could recover in this action, she would hold the sum recovered subject to be disposed of under the laws of this state. It would be subject to the payment of her husband's debts, and might be wholly consumed by them, and thus a part of the law under which she seeks to recover would be defeated. And we do not hesitate to believe that if another should qualify in Indiana as administrator of appellant's intestate, and institute suit against the appellee on the same cause of action set up in this case, the courts of Indiana would promptly decide that the recovery here constituted no bar to that action.

But counsel contend, that if unable to maintain the action on the Indiana statute, the petition alleges that the intestate lived several days after he was injured, and that, according to the case of Hansford v. Payne (11 Bush, 380), the appellant is entitled to recover for the sufferings of her intestate during the interval between the infliction of the injury and his death.

The answer to this is, that no such recovery was sought, and the necessary facts to authorize a recovery on that ground were not alleged.

Wherefore, the judgment is affirmed.