CASE 75—EQUITY—MARCH 9.

# Bamberger, Bloom & Co. v. Halberg.

### APPEAL FROM MARION CIRCUIT COURT.

1. Any person claiming a right to, or interest in, attached property or its proceeds, may be made a party to the proceeding, and controvert the grounds of the attachment. (Bullitt's Code, sec. 29.)
2. Creditors claiming under a deed of trust made by defendant in the attachment, after service upon him, have such an interest and such a right.

ROUNTREE & LISLE FOR APPELLANTS.

1. Appellants, as creditors of Leon, were entitled to be made parties and controvert appellee's attachment against Leon.
2. Appellee's attachment should have been discharged. (Civil Code, 29; 1 Duvall, 31; Myers' Code, sec. 41, 257; Peters v. Conway, 7 Bush, 568; Bell v. Hall, 2 Duv., 293; 2 Met., 52; 1 Ibid, 450; 1 Green. Ev., sec. 180; 3 Ibid, 15; Gen. Stat., chap. 44, art. 2, sec. 2; 3 Bush, 326; Civil Code, 681; 4 J. J. M., 465; 2 Duv., 423)

RUSSELL & AVRITT FOR APPELLEE.

1. Section 29, Bullitt's Code, does not authorize a party made so by his motion to controvert an attachment.
2. The proof is clear that Leon was hiding his property.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

January 3, 1879, the appellee brought suit at law against Julius Leon upon two notes, aggregating about three thousand dollars, and sued out an attachment against the property of Leon upon the ground that he was about fraudulently to dispose of his property, and had left the county of his residence to avoid the service of process.

The order of attachment came to the hands of the sheriff at 9½ A. M. of the day the suit was brought, and within an hour or two after that time Leon was served with a copy of the attachment, and immediately thereafter made a general assignment for the benefit of creditors.

January 27 the case was regularly called, and Leon having failed to answer or to controvert the grounds for the attachment, Heule & Bretzfelder presented their petition to be made parties, in which they alleged that they were creditors of the defendant Leon. They set up the deed of assignment and controverted all the grounds for the attachment, and alleged that it was sued out in pursuance of a fraudulent combination between the plaintiff Halberg and Leon in order to prefer the former to his other creditors, and that Leon refused to controvert the attachment.

The petitioners were made parties, and the petition ordered to be taken as their answer and affidavit controverting the grounds for the attachment.

On the next day, Leon having failed to answer or to controvert the grounds for the attachment, judgment was rendered for the debt and to sustain the attachment, but the latter order was expressed to be without prejudice to the rights of Heule & Bretzfelder.

Subsequently a large number of the creditors of Leon filed similar petitions, and were made parties. In the meantime Bamberger, Bloom & Co. commenced a suit in equity, alleging, in substance, that the attachment of Halberg was sued out pursuant to a fraudulent conspiracy between him and Leon in order to prefer him to Leon's other creditors, in violation of article 2, chapter 44, General Statutes. The creditors made parties to the suit of Halberg moved to transfer the attachment issue to equity, and consolidate it with the suit of Bamberger, Bloom & Co. The court overruled that motion, but on final hearing the two cases were heard together, and the record in each case was read as evidence in the other.

The court finally adjudged that Halberg had a. prior lien under his attachment, and ordered his debt to be paid in full.   From that judgment the other creditors prosecute· this appeal.

The grounds for the attachment were not sustained by the· evidence, and if the creditors who are beneficiaries under the· deed of trust had a right to controvert the attachment, the· judgment must be reversed on that ground, without reference to the suit of Bamberger, Bloom & Co.

The evidence conduces to show some reluctance on the part of Leon to make a full and satisfactory statement of his affairs, but wholly fails to show that he had fraudulently disposed of any of his property, or that he purposed doing so; and it also fails to show that he had left the county of his residence to avoid the service of process, or that he so· concealed himself that process could not be served on him; and there are many facts and circumstances disclosed by the record strongly conducing to prove that he was colluding with Halberg to enable him to obtain a preference.

But it is insisted that the petitioning creditors had no right to controvert the grounds for the attachment, and that they must be taken to be true, even though wholly unsupported. by evidence.

Section 29, Bullitt's Code, provides as follows :

"In an action or proceeding for the recovery of real or personal property, or for the subjection of either to a de-· mand of the plaintiff under an attachment or other lien, any person claiming a right to or interest in the property or its proceeds, may, before payment of the proceeds to the plaintiff, file in the action his verified petition, stating his claim and. controverting that of the plaintiff; whereupon the court may order him to be made a defendant, and, upon that being

done, his petition shall be treated as his answer; but if he be a non-resident, he must give security for costs."

The deed of trust made by Leon was for the benefit of all his creditors, and embraced the property levied on under the attachment. They therefore had an interest in the property. They had a lien under the deed, and Halberg had a lien under his attachment, and they had a right, at any time before the money arising from a sale of the property was paid to him, to come in and controvert his claim. The only claim he was asserting against the property arose out of his attachment. They had a right to contest his claim, and, as it was founded on the attachment, they had a right to contest the attachment, and to put him upon the proof of the grounds upon which it was sued out; and, as he failed to sustain any of those grounds, the court should have adjudged against him, although his attachment was properly sustained as to Leon.

Wherefore, the judgment is reversed, and the cause remanded, with directions to overrule Halberg's motion to pay his debt in full, and to distribute the proceeds of the property embraced in the deed among all Leon's creditors according to the terms of the deed.