Case 25—PETITION ORDINARY—June 18.

# Bruce's Adm'r v. Cincinnati R. R. Co.

APPEAL FROM PULASKI CIRCUIT COURT.

1. Transitory Actions under Foreign Statutes. — The rule that actions transitory in their nature will lie in this State if process be served here on the defendant, although the cause of action arose in another State, applies as well to actions under the statutes of other States as to common law actions, provided this State has a statute similar in character and import to the statute under which the action is brought, whatever may be the rule where this State has no such statute.

2. Whenever the statute of another State gives a right of action for the destruction of the life of one person by the negligence of another, such action may be maintained here, unless the court is satisfied the statute was not intended to operate beyond the limits of the State enacting it, our statutes giving a right of action in such cases; and where both statutes expressly authorize the personal representative to maintain the action, and the persons entitled to the amount recovered are the same under both statutes, the personal representative appointed in this State may maintain the action here under the foreign statute, the cause of action having arisen under that statute.

3. Overruled Case. — The case of Taylor's Adm'r v. Pennsylvania. Company, 78 Ky., 348, is overruled, in so far as it is in conflict. with this.

CURD and WADDLE for appellant.

1. Where the statute of another State allows an action for damages by the personal representative of one who has been killed by the negligence of another, a personal representative appointed in this State may maintain an action here under that statute, the defendant being served here, this State having a statute similar in character. (Wharton's Conflict of Laws, sections 710, 712, 719; Story's Conflict of Laws, section 556; Leonard v. Columbia Steam Navigation Co., 84 N. Y., 48; Dennick v. Railroad Co., 103 U. S., 17.)

2. The case of Taylor's Adm'r v. Pennsylvania Co., 78 Ky., 348, is. unlike this; but, if not, it should be overruled.

MORROW and NEWELL for appellee.

1. There can be no recovery in this State under the statute of Tennessee. Such statutes were not intended to have any extra-terri-

torial force. (Taylor's Adm'r v. Pennsylvania Co., 78 Ky., 348;. Richardson v. N. Y. Cent. R. R. Co., 98 Mass., 85; Woodward's. Adm'x v. M. S. & N. J. R. R. Co., 10 Ohio St., 121; McCarthy· v. Chicago, Rock Island and Pacific R. R. Co., 18 Kan., 26.)

2. Even conceding that there may be a recovery in this State under· the foreign statute, where our statute upon the subject is substan-- tially the same, there can be no recovery in this case, because the· Kentucky statute authorizes a recovery in such cases only where there is willful neglect, while the Tennessee statute authorizes a recovery for simple negligence.

3. Gross negligence is not synonymous with willful neglect. (Board: Int. Imp. v. Scearce, 2 Duv., 576; Jacobs' Adm'r v. L. & N. R. R. Co., 10 Bush, 263; City of Lexington v. Lewis' Adm'r, 10 Bush, 677; Hansford's Adm'x v. Payne, 11 Bush, 380.)

C. B. SIMRALL ON SAME SIDE.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an action by appellant, George Bruce, ad- ministrator of the estate of Robert Bruce, deceased,. to recover of appellee, the Cincinnati Railroad Com- pany, damages for the destruction of the intestate's· life.

It is stated in the petition that appellee is a cor- poration, created by law, of the State of Ohio, and was, at the time the intestate was killed, operating;. as lessee, the Cincinnati Southern Railway, which extends through a part of Ohio, through Kentucky; and a part of Tennessee; that the intestate was em-- ployed by appellee as a brakeman; and while en- gaged in the performance of his duties as such, the train of cars upon which he was so engaged was, by the negligence of the servants and agents of ap-- pellee, superior in authority to him, permitted to collide with another train of appellee, in the State. of Tennessee, by reason of which he was immedi- ately killed.

In an amended petition it is stated that the intes=-

tate lost his life in the manner stated in the original petition, through the gross and willful carelessness and negligence of his co-employes, engaged with him, at the time, in operating trains, who were superior in authority to him.

A second amended petition was filed, in which it is stated that appellant was first duly appointed and qualified as administrator of his intestate, in the State of Tennessee, and, as such, instituted an action in a circuit court there, which was, before the commencement of this action, dismissed, because the defendant had no agent in that State upon whom service of summons could be executed; that the intestate was, at the time of his death, a resident of the State of Kentucky, and engaged as a brakeman on the section of the railroad extending from Somerset, in Kentucky, to a station in Tennessee; that the lease of appellee expired a short time after the intestate was killed, when appellee discharged all its officers and agents, in the State of Tennessee, upon whom service of process could be executed, and have not since, and do not intend to have, any officer or agent upon whom service of summons can be executed in that State.

It is further stated, that under the laws of the State of Tennessee, if a person is killed by the negligence of another, the right of action for the injury causing the death does not abate or become extinguished by the death, but such right of action passes to the administrator of the deceased; that such action is allowed to the administrator against a railroad corporation for the killing of its employe by

the negligence of another employe, having a grade of service in the employ of the corporation superior to that of the one killed; that the amount of recovery in such case is the damage for the suffering and anguish of the decedent, and for the loss of his services to the next of kin, and if the negligence which caused his death is gross, the jury may give vindictive or exemplary damages.

It is further stated, that all of the next of kin, and heirs at law of the decedent, who was under twenty-one years of age at his death, reside in the State of Kentucky, and are the same persons who will be entitled to whatever amount might be recovered in the action for the death of the intestate under the laws of the State of Tennessee.

A general demurrer having been sustained to the petition and amendments, the first question presented on this appeal is, whether the life of appellant's intestate, having been destroyed in the State of Tennessee, an action can be maintained here for the recovery of damages therefor? and, if so, the further question arises, whether a personal representative, appointed under the laws of this State, can sue for and recover such damages?

There is no doctrine better settled than that common law actions, transitory in their nature, will lie in this State, if process be served here on the defendant, although the cause of action arose in another State; and this rule has, from the beginning, been applied as well to actions *ex delicto* as to those *ex contractu*. For, in the case of Watts v. Thomas, 2 Bibb, 458, it was held that an action for assault

vol. 83.—12

and battery, committed in the State of Indiana, then
a territory, would undoubtedly lie in a court of this
State.

The right of action in this case does not, however,
exist at common law, being founded solely upon the
statute of another State, and it is contended, for that
reason, the rule does not apply.

We are unable to perceive any valid reason for the
distinction, for the common law exists in the States
where it prevails only in virtue of statute laws, and
is subject to modification or repeal altogether. In
fact, in one of the States of the Union it never has
existed.

In the case of Dennick v. Railroad Co., 103 U. S.,
18, similar to this, and where this question was di-
rectly involved, the Supreme Court of the United
States held as follows: "Whenever, by either the
common law or the statute law of a State, a right
of action has become fixed, and a legal liability in-
curred, that liability may be enforced and the right
of action pursued in any court which has jurisdic-
tion of such matter, and can obtain jurisdiction of
the parties;" and, said the court, "we do not see
how the fact that it was a statutory right can vary
the principle. A party legally liable in New Jersey
can not escape that liability by going to New York.
If the liability to pay money was fixed by the law
of the State where the transaction occurred, is it to
be said it can be enforced nowhere else, because it
depended upon statute law and not upon common
law? It would be a dangerous doctrine to establish
that, in all cases where the several States have sub-

stituted the statute for the common law, the liability can be enforced in no other State but that where the statute was enacted and the transaction occurred."

In McDonald v. Mallory, 77 New York, 547, the doctrine was laid down, that where the wrong is committed in a foreign State or country, no action can be maintained in that State without proof of the existence of a similar statute in the place where the wrong was committed. And the court, in the subsequent case of Leonard v. Columbia Steam Nav. Co., 84 N. Y., 48, commenting on that rule, said: "The rule there laid down is just and reasonable, and it is not essential that the statute should be precisely the same as that of the State where the action is given by law, or where it is brought, but merely requires that it should be of a similar import and character." Several cases have been cited by counsel for appellee to show that the right to bring such an action has been denied in other States.

In Richardson v. N. Y. C. R. R. Co., 98 Mass., 85, the plaintiff brought an action in Massachusetts for damages under the statute of New York, for the killing of the intestate in the latter State. There was, at the time, no statute of Massachusetts of a similar kind, and it was held the action could not be maintained. In Woodward v. Mich. S. & N. I. R. Co., 10 Ohio St., 121, the court said: "The difficulty in this case proceeds from a mistaken assumption, that because a statute of Illinois confers a right of action, and imposes a trust upon an administrator under the laws of that State, that an administrator, appointed and acting under the laws

of this State may bring that action and perform that trust." But the court made a question, whether the petition in that case went far enough to make out an action under the statute of Illinois, and left the question open whether an administrator, appointed under the law of Illinois, might or might not maintain such an action, for the purpose of recovering the fund to be distributed under the law of Illinois.

There is some conflict of authority in the different States as to the right of action in cases like this. But it seems to us that it is impossible to refuse the application of the rule in cases where the right of action is founded upon statutory enactments without disregarding the true reason for the rule as it exists at common law, which is founded on comity between the States.

Whether, as held in Dennick v. Railroad Co., the principle should be applied, even when the State where the action is brought has no statutes of a similar character to those existing where the life is destroyed and the cause of action arose, we do not deem it necessary to now decide.

There is some difference between the statutes of this State and the State of Tennessee on the subject. In this State punitive or vindictive damages can be recovered only in case of willful negligence; but such damages may be recovered in Tennessee, when the life is destroyed by gross negligence. But in each State the right is given to the personal representative of a person whose life is destroyed by the negligence of a person or corporation, or the

agents and servants of such person or corporation,. to sue for and recover damages. The statutes of each State give a right of action for a similar cause that did not exist at common law ; they are founded on the same reasons of public policy, and are substantially alike in their import and character ; and we see no reason for denying the right of action in this case that would not apply in the case of any other injury done to the person in the State of Tennessee, for which a remedy might be sought in the courts of this State.

Therefore, taking the statements of the petition and amendments as true, we are of the opinion the action can be maintained, and recovery had, in this State, in the same manner, for the same cause, and to the same extent, as if the action had been brought and prosecuted in the State of Tennessee, where the cause of action arose.

The remaining question is, whether the personal representative of the intestate, appointed under the law of this State, is the proper party plaintiff.

According to the law of the State of Tennessee, as appears from the petition, the personal representative appointed in that State would be authorized to bring and maintain the action there. But he could not, in virtue of such appointment alone, maintain the action here. And, as it is alleged in the pleadings, and must be taken to be true, that the defendant is no longer in the State of Tennessee, could not, at any time after the cause of action arose, nor can ever be served with process there, it follows, if the present plaintiff can not maintain the action, no re-

covery can ever be had; and those for whose benefit the action is authorized to be prosecuted, will be deprived of their remedy because no one has the legal right to sue.

It seems to us that a simple statement of the proposition that a defendant who has been guilty of a personal injury may defeat a recovery altogether by leaving the State where the wrong was committed, and thus avoid the service of process, is a sufficient answer to any objection that might be made to the personal representative appointed here, who is the only one authorized to sue, maintaining the action. Besides, the only objection that could be made to his bringing the action is met by the allegation in the petition and amendments, that the persons who would, by the laws of Tennessee, be entitled to whatever might be recovered in the action reside in this State, and are the same who would be entitled under the laws of this State.

We are of the opinion appellant has the right to maintain the action; and as the lower court erred in sustaining the demurrer, the judgment must be reversed, and cause remanded for further proceedings consistent with this response:

———

To a petition for a rehearing Judge LEWIS delivered the following reponse.

In Story on Conflict of Laws, section 38, it is said: "In the silence of any positive rule affirming or denying or restraining the operation of foreign laws, courts of justice presume the tacit adoption of them

by their own government, unless they are repugnant to its policy or prejudicial to its interests. It is not comity of courts but comity of nations which is administered and ascertained in the same way, and guided by the same reasoning by which all other principles of municipal law are ascertained and guided."

It can not be shown, nor is there any attempt made in the petition for rehearing to show, that there is any rule restraining, or that it would be prejudicial to the policy or interests of this State to permit the operation here of the statute of Tennessee under which this action was brought. On the contrary, we have a statute of similar character and import.

But counsel suggest, as a question, whether the Tennessee statute confers the right of action in a case like this, *alone* upon a personal representative of its own appointment, or on *any* personal representative.

The tacit adoption of it by this State being presumed, the main inquiry is, whether the operation of the Tennessee statute is, by its own terms, or by fair construction, restricted to that State. If it is, then the controversy is at an end, for no one can maintain an action under it in this State. But if it is not, then the next inquiry, which is always of secondary importance, is, who is the proper party plaintiff in the action?

It seems to us there can be no difficulty in determining that question. For, as the statute of Tennessee and the statute of this State relating to the

same subject both expressly authorize the personal representative to maintain the action, there can be no room to doubt his right to do so, if it can be maintained at all.

The Tennessee statute, as set out in the pleadings in this case, certainly is not, in terms, confined to that State. Nor can we presume that the unqualified right of action given by it was intended to be excepted from the operation of the rule, universally recognized, that the remedy for a personal injury may be sought and obtained in any court that can consistently, with the policy and interests of its own government, take jurisdiction of the person of the defendant and the subject-matter.

We are unable to perceive any reason for a construction, the result of which would be to afford the remedy against only those who might be served with summons in that State, usually persons domiciled there, while needlessly denying it against the wrong-doer who flees from process into another State, where he might be made to answer.

Counsel call our attention to Taylor's Adm'r v. The Pennsylvania Co., 78 Ky., 348.

In that case the action was based on an Indiana statute, as follows: "When the death of any one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for any injury for the same act or omission. The action must be commenced within two years. The damages can not

exceed five thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased.''

In that case it was said: ''The personal representative does not take it (the right of action) in virtue of his office, but is the person designated by the statute in whose name it is to be recovered, not for the ordinary purposes of administration, but to be distributed as a trust fund. That a personal representative, as such, has no right or powers beyond the jurisdiction of the government under whose laws he received his appointment, and *a priori* he can not have any rights, nor be subject to any obligation or duties not imposed by the laws of his official domicile.'' And again: ''If the appellant could recover in this action, she would hold the sum recovered subject to be disposed of under the laws of this State. It would be subject to the payment of her husband's debts, and might be wholly consumed by them, and thus a part of the law under which she seeks to recover would be defeated.''

None of those reasons, whether sound or not, apply to this case. For it is alleged by the plaintiff that the persons entitled under the Tennessee statute to the amount recovered are the same persons who would have been entitled if the cause of action had occurred in this State and the action had been brought under the statute of this State. Nor has the administrator in this case any rights or powers, nor is he subject to any obligations or duties, in virtue of the Tennessee statute not already conferred and imposed by the statutes of this State.

It is true it was held in that case that the Indiana
statute was not intended to have any extra-territo-
rial operation.   But the reason it was so held was,
that the administrator appointed under the laws of
this State could not take the right of action in that
case in virtue of his office, but as a trust for the
widow, children and next of kin of the deceased;
and thus he would have to be invested with rights
and perform duties which the Indiana Legislature
had no power to prescribe, and which it was pre-
sumed it did not intend to prescribe, except as to
personal representatives appointed in that State.   In
this case no such reasons apply for holding the stat-
ute operative only in the State of Tennessee.

It seems to us, therefore, that there is no neces-
sary conflict between the conclusion reached in that
case and the one we have arrived at in this.   On the
contrary, the principal ground upon which the right
of action in this State was in that case denied, was
that the statute conferring it was not intended by
the Indiana Legislature to have operation beyond
the limits of that State.

But it is proper to say that, in our opinion, when-
ever the statute of another State gives a right of
action for the destruction of the life of one person
by the negligence of another, such action may be
maintained here, unless the court is satisfied it was
not intended to operate beyond the limits of the
State enacting it.   For, as has been correctly and
aptly said, "where the right is found the remedy
must follow of course;" and it can not in this
State be lost for the want of a proper party to sue,

·either the real party in interest or some one in his stead, in every case having the right to maintain the ·action. And so far as the case of Taylor's Adm'r v. The Pennsylvania Co., *supra*, conflicts with the ·opinion in this case, it is overruled.

Petition for rehearing overruled.