**Richmond.**

NELSON V. CHESAPEAKE AND OHIO RAILROAD COMPANY.

March 31st, 1892.

1. NEGLIGENT INJURIES—*Jurisdiction.*—Where plaintiff sued railroad company in Virginia, where it was found, for negligent killing his intestate in West Virginia;

HELD:

> Suit properly brought, the recovery to be according to the laws of West Virginia, such laws not being inconsistent with the laws or policy of Virginia; this being so, notwithstanding the right to sue for such an injury is statutory. *Dennick* v. *Railroad Company*, 103 U. S. 11.

2. FOREIGN STATUTES—*Penal—Compensatory.*—If the statute of West Virginia giving the right to sue in a case like the above-mentioned, were a penal statute, an action under it could not be maintained in this state. It is otherwise, as the statute is not penal but compensatory.

3. FORMER JUDGMENT—*Bar to another action.*—A recovery in the action in this state will be a complete bar to another action, here or elsewhere, for the same wrong.

4. DECLARATION—*Contributory negligence—Case at bar.*—Where such action, declaration alleges that intestate (a track laborer) was being carried from one point on the railroad to another, and was ordered by his superior to ride on top of the car, whereon he was standing when struck by bridge-timbers, and that he was ignorant of the dangerous character of the bridge;

HELD:

> Declaration not demurrable, the mere fact that he was standing on top of the car not being of itself negligence on his part.

Error to judgment of circuit court of city of Richmond, rendered December 23d, 1890, in an action of trespass on the case. The action was brought by the administrator of Andrew

Nelson, deceased, against the Chesapeake and Ohio Railway Company to recover damages for the alleged negligent killing of the plaintiff's intestate.

The declaration states that the deceased, on the 9th of September, 1889, was in the employ of the defendant company as a track laborer on the line of its road, in the state of West Virginia; that on that day the company, desiring to transfer the deceased from the point where he was then employed to Hurricane, another point on its line, in the same state, by its agents ordered him to get on top of one of the defendant's box cars, with a view to his being carried to the last-mentioned point; that whilst the train was on the way thither, and whilst it was passing over a certain bridge on the defendant's road, the deceased, without fault on his part, though standing on top of the said box-car at the time, was instantly killed by being knocked off the car by a piece of timber on the bridge, only two feet higher than the top of the said car, which connected the sides of the bridge, and which had been negligently allowed to remain there by the company, and of all which the deceased was ignorant.

The declaration also states that the deceased, at the time of his death, was a citizen and resident of Virginia, and that the plaintiff duly qualified as his administrator in the county court of Louisa county, in which county the deceased resided; that the latter died unmarried and without issue, leaving as his sole distributee, under the laws of both West Virginia and Virginia, his father, —— Nelson, who is a citizen and resident of Virginia.

The declaration also sets out the material portions of the statute of West Virginia, giving a right of action in cases like the present, and which is averred to be substantially the same as the statute of this state on the same subject. The sections of the statute, as set out in the declaration, are as follows:

"5. Whenever the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect, or

default is such as would (if death had not ensued) have enti-
tled the party injured to maintain an action to recover dam-
ages in respect thereof, then, and in every such case, the
person who, or the corporation which would have been liable,
if death had not ensued, shall be liable to an action for dam-
ages, notwithstanding the death of the person injured, and
although the death shall have been caused under such circum-
stances as amount in law to murder in the first or second
degree, or manslaughter.

" 6. Every such action shall be brought by and in the name
of the personal representative of such deceased person, and
the amount recovered in every such action shall be distributed
to the parties in the proportions provided by law in relation to
the distribution of personal estate left by persons dying intestate.
In every such action the jury may give such damages as they
shall deem fair and just, not exceeding $10,000, and the amount
so recovered shall not be subject to any debts or liabilities
of the deceased: provided that every such action shall be
commenced within two years after the death of such deceased
person."

There was a demurrer to the declaration on two grounds,
viz : (1) That the case is not within the jurisdiction of the
courts of this state; and (2) because the declaration shows
on its face such contributory negligence on the part of the
deceased as to bar a recovery.

The circuit court sustained the demurrer, and gave judg-
ment for the defendant, to which judgment the plaintiff
obtained a writ of error.

*A. K. Leake* and *Hill Carter*, for plaintiff in error.

*H. T. Wickham, William J. Robertson* and *Henry Taylor, Jr.*,
for defendant in error.

LEWIS, P., delivered the opinion of the court.

If the statute of West Virginia, giving the right to sue in a case like this, were a penal statute, it is clear that the present action could not be maintained, for the courts of one state do not execute the penal laws of another, such laws being strictly local. Story, Conf. Laws, sec. 621; *The Antelope,* 10 Wheat. 66. But the statute is not penal, but compensatory in its nature, its object being to give a remedy for certain injuries, not as a punishment to the defendant, but, primarily, for the benefit of those who are supposed to have been pecuniarily injured by the death of the deceased.

It is contended, however, that the statute, whatever may be its nature, can have no extra-territorial operation, and, therefore, that an action dependent upon it can be maintained only in the state of West Virginia.

At common law all personal actions, whether *ex delicto* or *ex contractu* are transitory, and may be brought anywhere the defendant can be found. Thus, for instance, an assault and battery committed, or a contract made, in one state may be the subject of an action in another, if process can be served on the defendant in the latter state. 3 Bl. Comm. 294; *Mostyn* v. *Fabrigas,* Cowp. 161; *Livingston* v. *Jefferson,* 1 Brock. 203; *Payne* v. *Britton,* 6 Rand. 101; *Watts* v. *Thomas,* 2 Bibb (Ky.), 458; *McKenna* v. *Fisk,* 1 How. 241; 2 Smith, Lead. Cas. (9th ed.) 967.

Independently of statute, however, the general rule is that all *torts* die with the person. Consequently the right to sue for personal injuries causing death is purely statutory. The question, therefore, arises whether such a cause of action arising in one state may be asserted in another.

There is no doubt that, in a general sense, a statute can have no operation beyond the state in which it is enacted. But where a right to sue is given by statute in one state, we can see no good reason why an action to enforce that right should not be entertained in the courts of another state, on the ground of comity, just as if it were a common-law right, provided, of

course, it be not inconsistent with the laws or policy of the latter state.   If this were not so, a cause of action of any sort arising in a state whose laws are codified could not be asserted in another state because the right to sue is statutory.

The true test, therefore, in all such cases would seem to be this: Is the foreign statute contrary to the known policy, or prejudicial to the interests, of the state in which the suit is brought?   And if it is not, then it makes no difference whether the right asserted be given by the common law or by statute.

There are, undoubtedly, cases which hold a contrary doctrine.   *Woodward* v. *Michigan Southern Railroad Co.*, 10 Ohio St. 121; *Richardson* v. *New York Central Railroad Co.*, 98 Mass. 85; *McCarthy* v. *Chicago, &c., Railroad Co.*, 18 Kans. 46; *Ash* v. *Balto. & Ohio Railroad Co.*, 72 Md. 144.   The case of *Vawter* v. *Missouri Pacific Railway Co.*, 84 Mo. 679, has also been referred to for the defendant; but that case went off on the the ground, principally, that the action was prohibited by the laws of Missouri.

On the other hand, by far the greater number of the more recent decisions, and, in fact, the almost entire current of authority, support the view we have expressed.

In *Dennick* v. *Railroad Co.*, 103 U. S. 11, an action was brought in a state court of New York and afterwards removed to a Federal court, to recover damages for injuries causing the death of the plaintiff's intestate in New Jersey.   The action was brought under a statute of the latter state, and the question was whether it could be maintained in New York.   The Supreme Court held that it could, although it was conceded that the right to sue depended solely upon the New Jersey statute.   In the course of the opinion, delivered by Mr. Justice Miller, it was said:

"It is difficult to understand how the nature of the remedy, or the jurisdiction of the court to enforce it, is in any manner dependent on the question whether it is a statutory right or a

common-law right.   Whenever, either by the common law or
the statute law of a state, a right of action has become fixed, and
a legal liability incurred, that liabilty may be enforced and the
right of action pursued in any court which has jurisdiction of
such matters and can obtain jurisdiction of the parties."

And, referring to the Ohio, Massachusetts and Kansas cases
(*supra*), it was said : " The reasons which support that view we
have endeavored to show are not sound."

A similar question had shortly before been decided in the
same way by the Court of Appeals of New York, in *Leonard*
v. *Columbia Steam Nav. Co.*, 84 N. Y. 48.   In that case it was
held that an action is maintainable in New York by the per-
sonal representatives of one whose death is caused by injuries
received in another state whose statute is similar to that of
New York on the same subject.   It is not essential, it was said,
that the two statutes should be precisely the same.   The plain-
tiff, however, as was decided in a subsequent case, must both
aver and prove that the action is authorized by the laws of the
state in which the wrong was committed.   *Debevoise* v. *New
York, &c., Railroad Co.*, 98 N. Y. 377.

Like decisions have been rendered in Tennessee, Mississippi,
Iowa, Nebraska, Indiana, Minnesota, Kentucky, Pennsylvania,
and perhaps in other states.   See *Railroad* v. *Sprayberry*, 8 Baxt.
341;  *Chicago, &c., Railroad Co.* v. *Doyle*, 60 Miss. 977;  *Illinois
Central Railroad Co.* v. *Crudup*, 63 *Id.* 291;  *Morris* v. *Chicago,
&c., R'y Co.*, 65 Iowa, 727;  *Railroad Co.* v. *Lewis*, 24 Neb.
848; *Burns* v. *Grand Rapids Railroad Co.*, 113 Ind. 169; *Herrick*
v. *Railroad Co.*, 31 Minn. 11;  *Bruce* v. *Cincinnati Railroad Co.*,
83 Ky. 174 (overruling *Taylor* v. *Penn. Co.*, 78 Ky. 378); *Knight*
v. *West Jersey Railroad Co.*, 108 Pa. St. 250.

In the last-mentioned case the court concludes a discussion
of the subject by remarking that the great weight of authority
favors the application of the same rule to all transitory actions
for injuries, whether recognized by common law or by statute,
unless contrary to the policy of the state in which the action

is brought. "The claim of comity on which the rule is founded," it was said, "is as urgent in one case as the other."

This case was considered by the court in *Usher* v. *Railroad Co.*, 126 Pa. St. 206, as having settled the doctrine in Pennsylvania, although it was held in the latter case that the action could not be maintained by the widow of the deceased, who was killed in New Jersey, because the statute of New Jersey required the suit to be brought in the name of the personal representative.

If a different doctrine were established; that is to say, if an action could be brought only in the state in which the wrong is committed, then the wrong-doer, by removing and absenting himself from the state, could not be personally sued at all. We do not think this was the intent of the statute we are asked to enforce. Why, then, should it not be enforced? It is true it is not precisely similar to our own statute, yet it is not essentially dissimilar. Indeed, in several important particulars the two statutes are exactly alike. Thus, both require the action to be brought by the personal representative; both limit the recovery to $10,000, and under both, in a case the facts of which are like those of the present case, the recovery inures to the benefit of the same person—namely, the father of the deceased.

It has been argued, however, in support of the demurrer, that a recovery in this action would be no protection to the defendant company against a suit for the same cause in West Virginia by an administrator appointed in that state. But can this view be maintained?

In *Morris* v. *Chicago, &c., Railway Co.*, 65 Iowa (*supra*), which was an action in Iowa for the death of the plaintiff's intestate in Illinois, the opinion was expressed that, inasmuch as the distribution of the recovery by the administrator would be according to the law of Illinois, the Iowa judgment would bar an action for the same cause in Illinois; and such would

seem to be the result of the authorities which have already been cited along with that case.

Statutes giving the right to sue in this class of cases are of comparatively recent origin, and the question has not been settled in Virginia. We do not think, however, the decisions relied on by the defendant—viz., *Aspen* v. *Nixon*, 4 How. 476, and other cases of that class, holding that a judgment against an administrator is not evidence against a foreign administrator of the same decedent, because of the want of privity between them—control this case.

The plaintiff in this action is the duly-appointed administrator of the deceased, and is, therefore, entitled to sue, for the statute of West Virginia does not say that suit shall be brought only by a personal representative appointed there. And as the rights of the parties are determined by the statute of that state, a recovery in this action would be to the same uses as would be a recovery in West Virginia. It would seem, therefore, to follow that a recovery in this action would be a complete bar to another action, here or elsewhere, for the same wrong; for it is not to be presumed that the rule of comity upon which a statute of one state is enforced in another, would be so far disregarded by the courts of the former state as not to give full force and effect to the proceedings in the latter state wherein a recovery is obtained.

The remaining question, then, is whether the declaration shows on its face such contributory negligence on the part of the deceased as to bar a recovery; and we think it does not. The statement in the declaration is that the deceased was ordered by the defendant's agents to get on top of the car upon which he was standing when the accident occurred; that he was ignorant of the dangerous character of the bridge in question; that he himself was without fault, and that his death was caused by the negligence of the defendant in the manner stated.

The mere fact that the deceased was standing on top of the car cannot be held as matter of law to have been negligence

on his part. The law in such case is that there must be knowledge of the danger, or sufficient reason to apprehend it, to put a reasonable and careful man on his guard, otherwise there can be no contributory negligence.

In *Indianapolis, &c., R. R. Co.* v. *Horst*, 93 U. S. 291, the plaintiff, who was a drover and a passenger on a freight train, was ordered by the conductor to leave the caboose at a certain point, and to get on top of a freight car, which he did. Whilst *standing* on the car, he was injured by a violent and sudden movement of the train, for which he afterwards sued, and it was held that he was entitled to recover. " He had a right to assume," said the Supreme Court, " that the position and place would be safe. He had no knowledge of the coming shock. The conductor knew it, but gave him no word of caution or notice." See, also, *Railroad Co.* v. *Pollard*, 22 Wall. 341.

Many other decisions to the same effect might be cited. They all show that what will amount to proof of negligence is a question dependent upon a variety of circumstances, which must be passed upon as they arise by a jury under suitable instructions from the court as to the law. And while we do not mean to question the proposition that the defence of contributory negligence may be raised by demurrer, when it can be made out from the averments of the declaration itself, yet we think the declaration in the present case shows a good cause of action, and that the demurrer thereto ought to have been overruled.

RICHARDSON, J., *dissented.*

JUDGMENT REVERSED.