# Wytheville.

## FRANK & SONS v. GUMP.

### June 28, 1905.

1. JUDICIAL NOTICE—*Law of Another State—Common Law.*—The courts of this State will take judicial notice of the fact that Maryland embraces a part of the territory of the original English colonies of America, and, in the absence of evidence to the contrary, it will be presumed that the common law prevails there.

2. PLEADING—*Judgment Non-Obstante—Payment of Less Sum Than Due.*— Where the sole issue in a case is made by a general replication to a plea of accord and satisfaction setting up the discharge of a bond by the execution and delivery of two notes for the amount of the principal of the bond, and no other consideration, and there is a verdict for the defendant, in those jurisdictions where the common law prevails, judgment should be entered for the plaintiff *non obstante veredicto.*

3. CONFLICT OF LAWS—*Contracts—Discharge.*—Upon a bond executed and payable in Maryland the Maryland law prevails as to what will constitute a discharge of the bond, though enforcement be sought in the courts of this State.

Error to a judgment of the Corporation Court of the city of Bristol in an action of debt. Judgment for the defendant. Plaintiffs assign error.

*Reversed.*

The opinion states the case.

*Roberts & Roberts* and *J. Kemp Bartlett,* for the plaintiffs in error.

*Peters & Lavinder,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This case is brought here by a writ of error and supersedeas to a judgment of the Corporation Court.of the city of Bristol, rendered in behalf of the defendant in error, who was the defendant in the court below, in an action of debt.

The action is founded upon a bond executed by the defendant at the city of Baltimore, in the State of Maryland, and made payable to the plaintiffs in that city. The declaration alleges that the bond is a Maryland contract, and governed by the common law of that State.

The defendant filed a plea of accord and satisfaction in which he avers the making and delivery by him of two promissory notes to the plaintiffs, amounting in the aggregate to the *principal sum* of the original bond, which notes, it is said, the plaintiffs then and there accepted and received in full satisfaction and discharge of the bond described in the declaration.

The plaintiffs replied generally to that plea, and proved that by the law of Maryland, where the common law on that subject prevails, the acceptance by the creditor of the debtor's unsecured notes for a less sum does not operate to extinguish the original cause of action, or release the original debt.

There was a verdict for the defendant, and thereupon the plaintiffs moved the court for judgment *non obstante veredicto,* which motion the court overruled and rendered judgment for the defendant.

With respect to the doctrine invoked, professor Minor observes: "A motion for a judgment *non obstante veredicto,* that is, that judgment be given in the mover's favor, *without regard to the verdict* obtained by his adversary, is made in cases where, after a pleading by the adversary in *confession and avoidance,* and issue joined thereon, and verdict for the adversary, the unsuccessful party, in retrospective examination of the record, conceives that such pleading was *bad in substance,* and might have been made the subject of demurrer on that ground. . . . In such a case, therefore, the court will give judgment for such opposite party, *without regard* to the verdict." 4 Min. Inst. (3 Ed.), Pt. 1, p. 946.

"The plea must show some consideration moving toward plaintiff, or, in other words, that plaintiff obtained something of value by the new agreement. A plea which on its face shows want of consideration is bad after verdict, and plaintiff is entitled to judgment *non obstante veredicto.*" 1 Cyc., p. 343.

The courts will take judicial notice of the fact that Maryland embraces a part of the territory of the original English Colonies of America, and, in the absence of evidence to the contrary, it will be presumed that the common law obtains there. *Nelson* v. *C. & O. Ry. Co.*, 88 Va. 976, 14 S. E. 838, 15 L. R. A. 583; *Stewart* v. *Conrad,* 100 Va. 128, 40 S. E. 624; *Bowers* v. *Bristol Gas Co.,* 100 Va. 533, 42 S. E. 296.

But, as remarked, the plaintiffs proved affirmatively that by the law of Maryland the new notes did not operate as an accord and satisfaction of the original debt.

For these reasons, the trial court erred in overruling the motion of the plaintiffs for judgment without regard to the verdict, and for that error its judgment must be reversed, and judgment rendered here for the plaintiffs in error.

*Reversed.*