# Staunton.

JOSIE LONG, ET AL. v. W. E. LONG, ET ALS.

September 20, 1928.

The opinion states the case.

*Bird & Lively* and *R. S. Meade,* for the appellants.

No appearance for the appellee.

CAMPBELL, J., delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Russell county, dismissing the petition of Josie Long and Vaught Morrison, filed in the chancery cause of W. E. Long and others against D. F. Jessee, administrator of H. P. Long and Josie Long. The only question to be disposed of upon this appeal is whether or not the lower court erred in dismissing the petition of appellants on the ground that the court was without jurisdiction to try the issue raised by the petition.

On December 22, 1909, H. P. Long, widower, was united in marriage to Josie Long (*nee* Morrison). By a former wife, H. P. Long was the father of the appellees, W. E. Long, J. P. Long, E. C. Long and W. W. Long. On the 8th day of April, 1924, appellees filed their bill against D. F. Jessee, administrator of H. P. Long and Josie Long, the sole purpose of which was to surcharge and falsify the *ex parte* settlements of the administrator, on the ground that the administrator had improperly and illegally made certain payments to Josie Long, the widow of H. P. Long. The bill filed complied in every respect with the provisions of section 5429 of the Code, and set forth with particularity the items of payments alleged to be improper.

The administrator filed his answer to the bill, in which he denied the allegation of improper payments. Josie Long, the other defendant named in the bill, filed her answer which she asked to be treated as a cross-bill. In this answer or alleged cross-bill she denied each and every allegation of the bill as to improper payments, and set up the following affirmative matter:

"Your respondent further charges and avers that in addition to the amount shown in settlement of the said administrator, these complainants in this suit are indebted to the estate of H. P. Long, deceased, in the further sum of at least $1,000.00, the exact amount of which indebtedness is at this time unknown to your complainant; but as to which said indebtedness your respondent prays this court will in the proper manner determine, and further prays that a decree may be entered adjudicating the amount of said debt against these complainants, which represents money borrowed by them from their father, H. P. Long, deceased, and that a decree may be entered against them and each of them for the same and that they be required to pay same into the hands of the said administrator so that it may be distributed according to law and that your respondent may have her just and lawful share thereof."

By agreement of the parties, by counsel, Josie Long and Vaught Morrison filed in the cause the following petition:

"That Josie Long is the widow of H. P. Long, deceased, and that both she and petitioner, Vaught Morrison, are children of S. W. Morrison, deceased;

"That prior to the death of said S. W. Morrison the said S. W. Morrison had $1,000.00 which he desired to leave for the use and benefit of Josie Long and H. P. Long during their lives and the life of the survivor of them, which said amount was to be kept by them and by the survivor of them during their joint lives and the life of the survivor of them, and after the death of both of them was to be paid over to Vaught Morrison. No interest was to be paid on said sum of $1,000.00 during the lives of said Josie Long and H. P. Long or the survivor of them, but interest thereon was to be paid after the death of these parties up until the time the same was paid over to Vaught Morrison.

"That this transaction is duly shown and evidenced by certain obligations under seal, dated March 19, 1917, signed by Josie Long and H. P. Long, wherein it stated that S. W. Morrison has advanced to the undersigned Josie Long the sum of $1,000.00 which is in the nature of a loan during the lives of the undersigned and in consideration of which loan the undersigned, Harvey Long and Josie Long, agreed and bound themselves that after their death and the death of the survivor of them to pay to Vaught Morrison the sum of $1,-000.00.

"Your petitioners allege that this sum of $1,000.00 was used and disposed of by the said H. P. Long during his lifetime.

"Your petitioners aver that the said Josie Long is entitled to the possession of the said sum of $1,000.00 during her life and is entitled to interest thereon against the estate of the said H. P. Long, deceased, from the time of his death.

"Your petitioners therefore pray that they may be permitted to file this their petition in this cause; that a decree may be entered upon said petition adjudicating the same a lien against the estate of the said H. P. Long, deceased, and that the said estate, or so much thereof that may be necessary, may be sold to satisfy and pay off this said amount of $1,000.00 with interest thereon from the time of the death of the said H. P. Long, deceased, and pray that the same may be paid over to Josie Long to hold without interest during her lifetime and at her death to be paid over to the said Vaught Morrison. Your petitioners pray that proper process may be issued on this petition; that William E. Long, J. P. Long, E. C. Long and G. W. Long, children and heirs-at-law of the said H. P. Long, deceased, and D. F. Jessee, administrator, may be made parties to

said petition and required to answer the same but not on oath, answer under oath being hereby waived as to each and all of them; that all proper orders and decrees may be entered and made and accounts be directed and taken and that your petitioners may have all such other, further and general relief as they may be entitled to in the premises.''

Appellees answered the petition of Josie Long and Vaught Morrision, and in their answer denied the right of Vaught Morrison to proceed against them on the one thousand dollar bond executed by H. P. Long and Josie Long to S. W. Morrison, on the ground that the debt was primarily against Josie Long, who was joint plaintiff with Vaught Morrison. D. F. Jessee, administrator, also answered the petition of Josie Long and Vaught Morrison.

The record next shows that on April 9, 1925, Josie Long, Vaught Morrison and D. F. Jessee, administrator, filed a joint motion to strike out the amended and supplemental bill filed against them by appellees. No action seems to have been taken by the court on the motion to strike out the amended bill.

On March 6, 1925, a decree was entered permitting Josie Long to file her answer and replication to the amended bill filed by appellees. In this answer Josie Long charges appellees with illegally encumbering the lands of which H. P. Long died seized and possessed, and prays that judgment be entered in her favor against appellees for the sum of $1,000.00 due by them to the estate of H. P. Long, and that said judgment be declared a lien upon said land. After this multiplicity of bills, demurrers, answers and petitions had been filed, evidence was taken on every issue presented in the pleadings. On the hearing, the court held that it had but one issue properly before it, viz, the question

of surcharging and falsifying the settlements of the administrator. On this question the court decreed that appellees, the original complainants, were not entitled to the relief prayed for, and dismissed their bill. Being further of the opinion that, in a suit the primary object of which was to surcharge and falsify the settlements of an administrator, the court was without jurisdiction to try the collateral issue set up in the petition of Josie Long and Vaught Morrison, the court dismissed the petition without prejudice to any rights petitioners may have in the premises. It is this latter action of the court which is complained of.

The anomalous condition in which we find the record may, we think, be explained on the theory that counsel for appellants relied, to their hurt, on the agreement made with counsel for appellees, which agreement attempted to confer upon the chancellor jurisdiction to try an action at law.

As presented by the record, we may thus summarize the situation: Appellees, heirs at law and distributees of their father, H. P. Long, instituted, as they were empowered by the statute to do, their suit to compel the payment to them of moneys alleged to have been illegally paid by the administrator to the widow. The bill presented the one issue. Every other question sought to be injected into this suit was irrelevant. Counsel for appellants, however, proceed on the theory that Josie Long and Vaught Morrison have a personal claim against the appellees, due, as they allege, by reason of the fact that appellees were the recipients of the one thousand dollars received by H. P. and Josie Long from S. W. Morrison. Even though this were true, appellants are not indebted in any sum to Vaught Morrison. If it is true, as alleged, that H. P. Long appropriated the one thousand dollars, then his estate,

and not his heirs in their individual capacity, is liable to Josie Long and Vaught Morrison.

How the court could, in this suit, determine the legal rights of the parties against the estate of H. P. Long we are unable to perceive. The question of the liability of the estate of H. P. Long to Josie Long and Morrison is one which only the administrator could litigate. The claim is purely a legal one. This is not a creditor's suit, and hence no ground for equity intervention is shown. "Jurisdiction comes solely from the law, in no degree from consent of litigants. So that neither consent nor anything else can authorize a court to act in a cause outside the sphere which the law has ordained for it." *Jones* v. *Morris*, 97 Va. 48, 33 S. E. 378.

In Black on Judgments, Vol. 1 (2d ed.), section 242, it is said: "Besides jurisdiction of the person of the defendant and of the general subject matter of the action, it is necessary to the validity of a judgment that the court should have had jurisdiction of the precise question which its judgment assumes to decide, or of the particular remedy or relief which it assumes to grant. In other words, a judgment which passes upon matters entirely outside of the issue raised in the record is so far invalid. Jurisdiction may be defined to be the right to adjudicate concerning the subject matter in the given case. To constitute this there are three essentials. First, the court must have cognizance of the class of cases to which the one to be adjudged belongs. Second, the proper parties must be present. And third, the point decided must be, in substance and effect, within the issue."

In *Linkous* v. *Stevens*, 116 Va. 898, 83 S. E. 417, it is held that to constitute jurisdiction the parties must not only be present, but the court must have cognizance

of that class of cases, and the question involved must be, in substance and effect, within the issue made by the pleadings.

█ While it is true, as contended by counsel for appellants, that it is the policy of the courts to avoid a multiplicity of suits, it is also true that courts are powerless to exercise a jurisdiction not conferred upon them by law, and whenever it appears that the exercise of jurisdiction is improper the court will decline to take jurisdiction, although the question has not been raised by the litigants.

█ In the instant case, though it does appear that the petition of Josie Long and Vaught Morrison was filed by consent of parties, it also appears that at almost every stage of the proceedings counsel for appellees were either attempting to raise the question of jurisdiction by demurrer or were moving to strike out the petition, answer and cross-bill of appellants, because of lack of jurisdiction. The original suit being instituted for the primary purpose of surcharging and falsifying the settlements of D. F. Jessee, administrator, the question of the liability of appellees to Josie Long and Vaught Morrison is not germane to the issues therein involved.

For the foregoing reasons we are of the opinion that there is no error in the decree appealed from and it is affirmed.

*Affirmed.*