# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Jamie Lee Ewers
and Shannon Parnell Ewers,
Co-Administrators of the
Estate of William Parker Ewers

v.

Carey C. Parker
and Patsy Parnell Parker,
a/k/a Patsy Parnell

January 26, 2006

Case No. (Law) 05-2824

BY JUDGE MARK S. DAVIS

This matter is before the Court on defendant Patsy Parnell Parker's (also "Parnell") Motion to Dismiss asserting the absence of subject matter jurisdiction by this Court. The factual and procedural background of the case, discussion of the issues, and conclusions are set forth below.[1]

*I. Factual and Procedural Background*

The Motion for Judgment alleges that on January 2, 2004, Parnell, the natural grandmother of William Parker Ewers (also "decedent"), and Parnell's

---

[1] Plaintiffs are represented by John E. Zydron, Esquire, and Catherine MacLean Six, Esquire, with the law firm of Bennett and Zydron, P.C. Defendant Patsy Parnell Parker is represented by Joseph M. Young, Esquire, with the law firm of Hall, Fox and Atlee, P.C. Defendant Carey C. Parker is represented by J. Andrew Basham, Esquire, with the law firm of Stein & Smith, P.C.

then-friend, Carey C. Parker (also "Parker"), requested weekend visitation with the four year old decedent. It is further alleged that Parnell and Parker were permitted to take decedent with them to a cottage located on the banks of Lake Gaston, in Littleton, North Carolina. Plaintiffs further allege that on January 4, 2004, Parnell and Parker were outside the cottage and Parker agreed to watch and care for the decedent while Parnell went next door. It is also alleged that, on that same day, Parker and Parnell failed to exercise reasonable care and supervision of the decedent and became "unaware of decedent's whereabouts at approximately 12:00 noon." The decedent's body was allegedly recovered from Lake Gaston at 7:00 p.m. and rushed to Roanoke Rapids Hospital where he was pronounced dead on January 5, 2004. Plaintiffs seek judgment against Parker and Parnell, jointly and severally, in the amount of $10,000,000.00, based upon the alleged negligence of Parker and Parnell.

Defendant Parnell filed a Motion to Dismiss on November 28, 2005, asserting that, since the alleged negligence and wrongful death took place in North Carolina, "North Carolina substantive and procedural law control and confer jurisdiction upon that State's Courts." Plaintiffs filed a brief in opposition to Parnell's motion, asserting that defendants "were and are residents of the City of Portsmouth, Virginia, at all times pertinent to this suit" and that "plaintiffs and plaintiffs' decedent reside and/or resided in the City of Suffolk, Virginia, at all times pertinent to this suit." Plaintiffs assert that this Court has subject matter jurisdiction over the case and oppose Parnell's motion to dismiss.

On January 20, 2006, the parties, by counsel, appeared before the Court for argument on the motion to dismiss. Parnell asserted that she only challenged the subject matter jurisdiction of the Court and reiterated arguments made in the motion to dismiss. Parnell did not specifically reference the North Carolina wrongful death statute or challenge any particular application of that statute. Plaintiffs argued that this Court has subject matter jurisdiction over the case, though it should apply North Carolina substantive law. During the argument, the parties agreed that the law of North Carolina governs as to all matters of substantive law and that the North Carolina wrongful death statute provides the basis for any claim of wrongful death. The parties further agreed that the law of the Commonwealth of Virginia governs as to all matters of procedural law.

## II. Discussion

Before any Court may take action on a suit, it must have the authority to hear the specific type of case being alleged. This type of authority is referred to as jurisdiction over the subject matter. See *Wilson v. State Highway Commissioner*, 174 Va. 82, 93, 4 S.E.2d 746, 751 (1939). The Virginia

Supreme Court has defined subject matter jurisdiction as "the authority granted through constitution or statute to adjudicate a class of cases or controversies. . . ." *Morrison v. Bestler*, 239 Va. 166, 169, 387 S.E.2d 753, 755 (1990). Subject matter jurisdiction is also referred to as potential jurisdiction, and the Virginia Supreme Court has defined potential jurisdiction as "the power granted by the sovereignty creating the court to hear and determine controversies of a given character." *Farant Inv. Corp. v. Francis*, 138 Va. 417, 427, 122 S.E. 141, 144 (1924). Any judgment rendered by a Court that lacks subject matter jurisdiction is null and void, *Morrison*, 239 Va. at 170, 387 S.E.2d at 755, and objection to a court's exercising such jurisdiction may be made by any party or by the court *sua sponte*. *Long v. Long*, 151 Va. 156, 164, 144 S.E. 447, 450 (1928).

The Constitution of Virginia provides that the "judicial power of the Commonwealth shall be vested in a Supreme Court and in such other courts of original or appellate jurisdiction subordinate to the Supreme Court as the General Assembly may from time to time establish." Virginia Constitution, article VI, § 1. Title 17.1 of the Code of Virginia provides that the circuit courts of the Commonwealth shall have original and general jurisdiction of all civil cases at law for claims exceeding $100.00. Va. Code § 17.1-513. Therefore, Virginia circuit courts have jurisdiction to resolve cases and controversies involving torts. *Morrison*, 239 Va. at 172, 387 S.E.2d at 757.

Defendant Parnell asserts that this Court has no subject matter jurisdiction over this wrongful death action between residents of Virginia that arises in North Carolina. The Virginia Supreme Court has previously considered Parnell's argument. In *Nelson v. Chesapeake & Ohio RR.*, 88 Va. 971, 974-75, 14 S.E. 838, 838-39 (1892), a railroad employee, who was a resident of Virginia, was killed on the rail line in West Virginia, leaving as his sole distributee his father, also a resident of Virginia. A wrongful death action was filed in Virginia pursuant to the provisions of the West Virginia wrongful death statute. The railroad contended that the West Virginia wrongful death statute had "no extra-territorial operation, and, therefore, that an action dependent upon it can be maintained only in the state of West Virginia." *Id.* The Virginia Supreme Court observed that, at common law, all personal actions are transitory, "and may be brought anywhere the defendant can be found." *Id.* The Court then went on to note that all torts die with the person, unless otherwise provided by statute. Consequently, the question arises whether a purely statutory right to sue for wrongful death "arising in one state may be asserted in another." *Id.*

The *Nelson* Court went on to state that, "where a right to sue is given by statute in one state, we can see no good reason why an action to enforce that right should not be entertained in the courts of another state, on the ground of comity, just as if it were a common-law right, provided, of course, it be not

inconsistent with the laws or policy of the latter state." The Court concluded that "[i]f this were not so, a cause of action of any sort arising in a state whose laws are codified could not be asserted in another state because the right to sue is statutory." *Id.*

The doctrine established in *Nelson* was affirmed in *Maryland v. Coard*, 175 Va. 571, 576-77, 9 S.E.2d 454, 455-56 (1940). In that case the State of Maryland filed suit in Virginia against a Virginia resident on behalf of a decedent's wife and children, who were also residents of Virginia. The suit alleged that the defendant rear-ended the decedent's car, causing his death. After noting that the right of action for the resulting death arises out of the law of Maryland, the Court addressed defendant's contention that there was no subject matter jurisdiction because the Maryland wrongful death statute "differs from the Virginia statute on that subject to such an extent that the principle of comity does not apply, and hence that the courts of Virginia are not warranted in entertaining an action founded on the Maryland statute." *Id.* After reviewing *Nelson*, the Court characterized comity as rising to the dignity of a legal right and rejected the idea that a failure of reciprocity should undercut such right. *Id.* Ultimately, the Court found that the trial court had subject matter jurisdiction over the action.

Defendant Parnell does not make a claim here that the North Carolina statute is in any way inconsistent with the Virginia wrongful death statute or that any inconsistency, if any, is so great that the principle of comity does not apply.

In describing the current state of the law on this issue, Professor Friend notes that "[a]ctions for wrongful death, like those for personal injury, are transitory" and "[t]hey may be brought in any court having jurisdiction over the parties and the subject matter of the case." Professor Friend, citing the cases discussed above, went on to note that "[a]s a result, it has been held that it is proper for suit to be brought in Virginia against a resident of Virginia for a wrongful death occurring in another state, and the Virginia courts will apply the law of the other state to the action." Charles E. Friend, *Personal Injury Law in Virginia*, § 15.2(K), (3rd ed. 2003). As Professor Friend observes, the cases discussed above resolve the issue posed by defendant Parnell in her motion to dismiss. Defendant Parnell's contention, that *Humphreys v. Commonwealth*, 186 Va. 765, 772, 43 S.E.2d 890, 893-94 (1947), dictates a contrary result, is misplaced. That case stands for the proposition that the defendant could not be convicted of a charge by a corporation court where the exclusive jurisdiction over the particular charge was vested in the juvenile and domestic relations court. That proposition is different from defendant Parnell's assertion that this Court lacks subject matter jurisdiction because plaintiff is proceeding on a cause

of action created by a North Carolina statute. Therefore, it is clear, based upon the precedent cited above from the Virginia Supreme Court, that this Court has subject matter jurisdiction in this case.

### III. Conclusion

For the reasons stated above, defendant Parnell's Motion to Dismiss is denied. The briefs of the parties addressing this motion are ordered filed. Since defendant Parnell has stated her position in the written motion to dismiss filed in this Court and since plaintiffs have filed a written brief in opposition to the motion to dismiss, the Court will dispense with the Va. Sup. Ct. R. 1:13 counsel endorsement requirement. It is so ordered.