# Richmond.

GRINBERG & MORRIS V. SINGERMAN.

MARCH 22d, 1894.

ATTACHMENTS—*Where returnable.*—Under Code, § 2964 and § 2965, attachments must be made returnable to a term of the court wherein the same is pending. *Craig* v. *Williams, ante,* p. 500.

Argued at Wytheville.    Decided at Richmond.

Appeal·from decree of the corporation court of the city of Roanoke, rendered March 21, 1891, in a suit in equity wherein Grinberg & Morris were plaintiffs and Singerman & Rothman were defendants. Opinion states the case.

*S. Griffin,* for appellants.

*Penn & Cocke,* for appellees.

LEWIS, P., delivered the opinion of the court.

This was an attachment in equity in the corporation court of the city of Roanoke. The attachment was issued in a pending suit under section 2964 of the Code, and was made returnable to January rules, 1891. Depositions were taken, and at the hearing the bill was dismissed.

Two questions have been raised in this court, but it will be necessary to consider one only; and that is as to the validity of the attachment.

Section 2965 of the Code provides that any attachment issued under section 2964, or any other section of chapter 141, if issued in a pending suit, "shall be returnable to a term of the court in which the same is.pending." Prior to the enactment of the Code the statute authorized such an attachment to be made returnable to a term of the court *or to a rule day;* but as the latter provision was left out of the Code, the effect was to vitiate the attachment issued in the present case, on the principle that process made returnable to a day which is not a legal return day, is void. *Kyles* v. *Ford,* 2 Rand., 1.

This subject was considered in the recent case of *Craig* v. *Williams, ante,* p. 500, in which case it was held that under the Code, changing the previous law, there is no lawful authority for making an attachment issued in a pending suit returnable to rules; and nothing need be added to what was there said.

The result is that as the foundation of the present suit was a void attachment, there is no error in the decree dismissing the bill.

DECREE AFFIRMED.