Statement.

𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

McAllister & McAllister, Trustees, v. Guggenheimer & Co.

April 4, 1895.

| 91 | 317 |
| 101 | 209 |
| 91 | 317 |
| 104 | 316 |
| 91 | 317 |
| 107 | 789 |

1. Attachment—*Regularity of Proceeding.*—The remedy by attachment against the estate of a non-resident is wholly statutory, harsh in its operations towards the debtor and his creditors, and the proceeding must show on its face that the requirements of the statute have been substantially complied with.

2. Attachment—*Irregularity of Proceedings—Non-Resident.*—Objections to the regularity of attachment proceedings may be taken advantage of, not only in the trial court, but in an appellate court, although not raised in the trial court; and the court may, ot its own motion, dismiss an irregular attachment, and ought to do so when there has been no appearance by the non-resident debtor, and no personal service upon him.

3. Attachment—*Return Day.*—An attachment sued out under sections 2964 and 2965* of the Code, in November, 1892, and made returnable to *Rules* is invalid. *Craig* v. *Williams*, 90 Va. 500, and *Grinburg* v. *Singerman*, 90 Va. 657, approved.

Appeal from a decree of the Circuit Court of Alleghany county, pronounced March 29, 1893, in a suit in chancery wherein the appellees were the complainants, and the appellants and others were the defendants.

*Reversed.*

The opinion states the case.

---

*Note by Reporter.—Section 2965 of the Code was amended by an act approved February 27, 1894, so as to make attachments returnable to a term of the court in which the same is pending, *or to some rule day thereof.* Acts 1893–'94, pages 495 and 496.

*R. L. Parrish* and *Wm. M. & J. T. McAllister*, for the appellants.

*Jno. T. Delany*, for the appellees.

Buchanan, J., delivered the opinion of the court.

On the 11th day of November, 1892, the appellees instituted a suit in equity in the Circuit Court of Alleghany county against Keyser, Simpson & Co., to recover a debt of $816, and also sued out an attachment to attach the estate, real and personal, of G. T. Barnsley in Alleghany county, who, with W. T. Simpson and D. C. A. Keyser, constituted the firm of Keyser, Simpson & Co., on the ground that he, Barnsley, was a non-resident of the State. The resident defendants were served with process, upon which was endorsed the attachment, or order to attach the estate of the non-resident defendant, on the 14th of that month; and the attachment was levied on the same day on a large quantity of personal property belonging to the defendant company, of which the non-resident was a member, and an crder of publication afterwards made as to him. The process ccmmencing the suit, and upon which the attachment or order to attach was endorsed, was made returnable to the clerk's office of that county on the first Monday of the fcllcwing December. The defendants made no appearance, and the bill filed at the second December rules was taken for confessed as to the resident defendants.

On the 16th day of November, five days after the suit was instituted, the members of the defendant firm executed to William M. and J. T. McAllister, trustees, a general assignment conveying all the property of every kind owned by the partnership for the benefit of all the firm creditors. This deed of trust was admitted to reccrd in the clerk's cffice of the County Court of that county on the 18th of that month.

At the March term of the Circuit Court, the trustees in the deed of trust filed their petition in the suit, exhibiting with it a copy of the deed of trust, claiming that the lien created by it was paramount to the lien of the attachment, and asked to be, and were, made parties defendant in the suit. At the same term of the court the case was heard upon the bill and exhibits, petition and exhibit, and general replication thereto; and the court decreed that the attachment was a lien upon the partnership property levied on, and superior to the rights of the deed of trust creditors.

From this decree of the court this appeal was taken by the trustees.

The first assignment of error in order, though not the first error assigned by appellants, is that the attachment sued out is void because made returnable to a rule day, when the law at that time (November, 1892,) required it to be returnable to a term of the court in which the suit was pending.

It is claimed by the appellees that, since no objection was made to the attachment in the Circuit Court on this ground by the appellants, they have waived it, and it cannot be considered by this court. This view cannot be sustained. The non-resident debtor has never appeared in the case; no personal service was had upon him; but his property in the State is subject to its laws, and the State has the right to prescribe in what manner that property may be subjected to the claims of his creditors. In this State, statutes have been enacted declaring the manner in which the property of such debtors may be subjected to the payment of their liabilities where there is no lien upon the property for their payment. Independent of these statutes, a court of equity has no jurisdiction to subject such debtor's property in favor of a creditor at large. The remedy invoked in this case being one wholly derived from statute law, and one which is harsh in its operation toward the party against whom it is directed, and also toward the

creditors of such debtor over whom the attaching creditor obtains priority, must upon its face show that the requirements of the statute have been substantially complied with. 4 Minor's Inst. 404-5 (Last Ed.); *Thatcher* v. *Powell*, 6 Wheat. 119; *Tate* v. *Liggatt*, 2 Leigh at pages 99 and 100; *Pennoyer* v. *Neff*, 95 U. S. 714; Daniel on Attachments, secs. 11 and 12.

Objections to attachment proceedings on this ground may be taken advantage of, not only in the trial court, but in an appellate court, although not raised in the trial court. President Tucker said, in *Jones* v. *Anderson*, 7 Leigh 308, 313: "It is obvious that the very jurisdiction of the court depends upon the regularity of the attachment." It therefore becomes the duty of the court to examine into the regularity of the proceedings in attachment cases, and it may, of its own motion, dismiss an irregular attachment, and ought to do so when there has been no appearance by the non-resident debtor, and no personal service upon him, as it is the duty of every court, *ex officio*, to disclaim a jurisdiction which it is not entitled to exercise. *Jones* v. *Anderson*, 7 Leigh 308, 314; 4 Minor's Inst. (Last Ed.) 576, and cases cited; 2 Bart. Law Pr. 985; *Coward* v. *Dillinger*, 56 Md. 59 and 61; Drake on Attachments (7th Ed), sec. 89 a.

In the case of *Craig* v. *Williams*, decided by this court and reported in 90 Va. 500, the question arose whether an attachment returnable to rules, issued under secs. 2964, and 2965, of the Code, was valid or not. That was an attachment in equity against a non-resident debtor, and the attachment or order to attach was endorsed upon the summons. The summons was returnable to rules. In that case this court held that an attachment issued under those sections of the Code, in a pending suit, whether it was a regular attachment, or an order to attach endorsed upon the summons by the clerk, must

be returnable to the court in which the suit is pending, and that if it was not so returnable, it was invalid.

In *Grinburg* v. *Singerman*, it reaffirmed the doctrine laid down in *Craig* v. *Williams*, and held such an attachment to be void.    90 Va. 645; *Kyles* v. *Ford*, 2 Rand. 1; *Lavel* v. *McGurdy*, 77 Va. 763, 770-1.

This assignment of error therefore must be sustained, and the attachment held invalid.

There being no personal service upon the non-resident defendant, no appearance by him, and no valid attachment of his property, there was nothing for the jurisdiction of the court to rest upon.    Its decree was therefore *coram non judice*, and void.    Drake on Attachment, sec. 5 (7th Ed.); *Pennoyer* v. *Neff*, 95 U. S. 714.    The Circuit Court ought to have dismissed the bill for want of jurisdiction.

We are of opinion, therefore, that the decree appealed from should be reversed, and the bill dismissed.

REVERSED.