# Richmond.

## HILTON & ALLEN v. CONSUMERS' CAN. CO.

### November 23, 1904.

1. ATTACHMENTS—*Abatement—Bill of Exception—Appeal and Error.*— Where no exception is taken to the action of the trial court in abating an attachment at law, the correctness of its ruling cannot be enquired into in this court.

2. ATTACHMENTS—*Forthcoming Bond—Abatement—Jurisdiction.*—The execution· by a defendant in an attachment of a forthcoming bond, with condition to perform the judgment of the court, does not give the court in which the attachment was sued out jurisdiction to enter a personal judgment against the defendant; and, if the attachment be abated, the bond falls with it, and becomes of no effect. If the attachment is sustained, the bond stands as a security in lieu of the property upon which the attachment was levied.

3. MOTION TO DISMISS—*Interlocutory Order.*—The judgment of a court overruling a motion to dismiss a cause for want of jurisdiction is interlocutory, and does not preclude a similar motion at a subsequent term.

4. JURISDICTION—*Motion to Dismiss—Plea in Abatement.*—A motion to dismiss for want of jurisdiction is the proper and only mode of procedure where the defendant has not been summoned, and has not waived the summons. One not before the court cannot be required to plead. A plea in abatement is proper only when the defendant has been summoned, or by appearance has waived the summons. Where the matter relied upon to abate an action is a fact not ·appearing on the record, or the return of an officer, it must be pleaded in abatement so as to give the other party an opportunity to traverse and try it, but where all the facts relied upon in abatement appear by the record, including the return of

the officer, of which the court will take judicial notice without plea, there the action may be dismissed on motion.

5. Attachments—*Abatement—Motion to Dismiss—Jurisdiction.*—Where the only ground of jurisdiction is an attachment of the effects of a non-resident, and the attachment is abated, the action founded thereon should be dismissed on motion for that purpose.

6. Special Appearance—*Motion to Dismiss—Jurisdiction.*—The appearance of a defendant by attorney merely to move the court to dismiss an action for want of service of process, cannot and does not give the court jurisdiction to proceed to judgment.

Error to a judgment rendered by the Circuit Court of Botetourt county, in an action of *assumpsit*, wherein the plaintiffs in error, J. D. Hilton and W. R. Allen, partners in trade under the style and firm of Hilton & Allen, were the plaintiffs, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*Benjamin Haden,* for the plaintiffs in error.

*E. V. Barley* and *C. M. Lunsford,* for the defendant in error.

Keith, P., delivered the opinion of the court. ·

On the 18th of June, 1903, the following memorandum was made in the Circuit Court of Botetourt county: "Hilton & Allen *vs.* Consumers' Can Company. Trespass on the case in assumpsit. Damages $500.00. To 1st July Rules for 1903. Benjamin Haden, p. q.

"The defendant is a non-resident corporation having effects coming to it, and estate in the county of Botetourt. Issue attachment and designate the Norfolk & Western Railway Company, C. E. Layman, The Bank of Fincastle, and Frank W. Brugh and B. F. Leslie as having effects of the defendant in their possession, and of being indebted to the defendant."

On the same day, an affidavit, which conforms to the statute in other respects and states that the Consumers' Can Company is a non-resident corporation, was filed with the clerk, and Hilton & Allen entered into a bond, with surety, conditioned to pay all costs and damages which might be awarded against them or sustained by any person by reason of their suing out the attachment.

On July 9, 1903, there appears on the memorandum book the following: "The object of this suit is to recover damages from defendant for shipping to the plaintiffs defective and worthless cans, when the plaintiffs had bought from it, and paid for, merchantable and suitable cans, and for the labor and expense of unloading and hauling said worthless and defective cans, and for the loss sustained by them in replacing such worthless and defective cans with suitable and merchantable cans, and for the freight paid to the railroad companies for bringing said cans from Baltimore, said damages amounting to $500.00." All of which was attested by the Clerk.

On the 27th of June the Consumers' Can Company entered into a bond, payable to Hilton & Allen, in the penalty of $600.00, which sets forth the issue of the attachment and its levy upon a carload of tin cans, and the following condition: "The said Consumers' Can Company, defendant, now desiring to release the whole of the estate attached, hath tendered Consumers' Can Company, incorporated, and The United States Fidelity & Guaranty Company, as principal and surety in such a bond as the law directs. Therefore, if the said Consumers' Can Company shall perform the judgment of the Court, the above bond to be void, otherwise to remain in full force."

At the first July Rules the declaration was filed, and at the second July Rules an order of publication in the *Fincastle Herald* was entered. On August 4, 1903, the Consumers' Can Company, in accordance with notice to that effect, moved the

Judge of the Circuit Court of Botetourt to quash the attachment and discharge the defendant and its surety from liability upon their bond, and for reasons appearing to the Judge, he was of opinion "that the clerk of the Circuit Court of Botetourt county had no authority to issue the attachment, and that the same be and is hereby abated"; but the Judge refused to discharge the Consumers' Can Company from its liability upon the bond, or to grant any other relief asked for by it at that time.

At the October term the Can Company moved the court to dismiss this cause, "because the court is without jurisdiction," and at a subsequent day this motion was overruled.

At the March term, 1904, the following order was entered: "This day came again the parties by their attorneys, and the defendant moved the court to dismiss this suit, upon the ground that the process against it, by order of publication, is not sufficient. The court is of opinion, from an inspection of the record, that the defendant has not appeared to plead to the merits of the controversy; that the only ground upon which the Circuit Court ever had jurisdiction herein was, by reason of the attachment, sued out on the 18th of June, 1903, and levied on the defendants effects in this county; that the abatement of said attachment, by order herein made on the 4th day of August, 1903, . . . destroyed that ground of jurisdiction, and that this court has now no jurisdiction to try and hear this case." And thereupon the suit was dismissed, and to that judgment Hilton & Allen obtained a writ of error.

To the action of the Judge abating the attachment, there was no exception taken. Without meaning to intimate that the order abating the attachment was erroneous, it is sufficient to say that no exception was taken to it, and whether right or wrong it cannot be inquired into.

It is claimed by the plaintiff in error that the execution of

Opinion.

the attachment bond by the Consumers" Can Company was an appearance to the action, which gave the court jurisdiction to. enter a personal judgment against it. In this view we cannot concur. It is true that the forthcoming bond is made payable to Hilton & Allen, and its condition is that that company "shall perform the judgment of the court." If the judgment of the court had been to sustain the attachment, then the bond stood as a security in lieu of the property upon which the attachment had been levied. But the court abated the attachment, the very ground-work of the whole proceeding, and with it the bond fell, and became of no effect. It would be a strange construction to hold that a bond given by a debtor to release property from the operation of an attachment should have the effect of subjecting him to a personal judgment. Every non-resident debtor, if that be true, would be placed in the dilemma of being denied the right to release the attached property by the execution of a bond, or of submitting himself to the jurisdiction of the court, and being subjected to a personal judgment. The property levied upon might be of small value as compared with the amount in controversy, but if the principle contended for be true, the penalty of its release by the execution of a bond would be submission to the jurisdiction of the court.

. Another contention of plaintiff in error is that, the motion to dismiss the cause having been made and denied at the October term, the court could not entertain it thereafter. The judgment upon the motion at the October term, 1903, was an interlocutory and not a final order, and the judgment upon it did not preclude the court from entertaining a like motion at a subsequent term.

This brings us to a consideration of the final order dismissing the cause. The attachment, with all that pertains to it, is out of the case, and there was no summons issued and served upon the defendant in the mode prescribed by law; nor was there any appearance to the action on the part of the defendant.

The claim of plaintiff in error is that the question of juris-diction of the court over the defendant could only be raised by a plea in abatement, but in that position, as applied to the case under consideration, we cannot concur. The view relied upon by plaintiff in error applies to a defendant who has been summoned to appear, or who by appearance has waived the summons. It of course cannot be said that a defendant who is not before the court either by appearance or by summons can be required to interpose any plea. That would be a contradiction in terms. The obligation to plead implies the service of a summons, or the waiver of a summons, and in this case there was neither the one nor the other. The only appearance on the part of the defendant was for the purpose of asking the court to dismiss the suit because the defendant had not been properly brought before the court, and this motion was its proper and its only remedy. "To say that such an appearance would amount to a waiver of the objection would be to say that the party must from necessity forfeit an acknowledged right by using the only means which the law affords of asserting that right." *The Com. & R. R. Bk. of Vicksburg* v. *Slocomb*, 14 Peters, 60, 10 L. Ed. 354.

In *Warren* v. *Saunders*, 27 Gratt. 259, the plaintiff not having brought him before the court by service of the proper writ, the defendant, when the case was called, moved to dismiss the cause from the docket, and it was held the motion should have been sustained and the suit dismissed, the court saying: "We think there are cases of this kind and that this is one of them, in which a plea in abatement is not necessary, but the court may *ex-officio*, and *a fortiori* upon motion, abate the writ, or the suit."

In *Nye* v. *Liscombe*, 21 Pickering, 263, the precise question under consideration arose, it appearing that there was "no service upon the defendant by direct attachment of his property

or otherwise." Chief Justice Shaw delivered the opinion of the court and said: "Two principal questions arise in this case: 1, whether the facts disclosed furnish sufficient ground upon which to dismiss the action; and, 2, whether it can be done in this way upon motion, or whether the matter should have been pleaded in abatement. We think it very clear that an ordinary action at common law will not lie in this Commonwealth against an inhabitant of another State, unless either his person or his property is found within the jurisdiction of the court.

"In this case the defendant is described to be an inhabitant of Rhode Island, and, therefore, whether she is rightfully sued here or not depends upon the fact whether her property is rightfully attached in the hands of the trustee."

Upon the first point the court held that there was no such service as would enable the court to take cognizance of the cause. Upon the other question, whether the action could be dismissed upon motion, the court said: "We take the rule to be this. Where the matter, on which the defendant relies to abate the suit, is a fact not appearing upon the record, or the return of the officer, it must be pleaded in abatement, so as to give the other party an opportunity to traverse and try it. But where all the facts upon which the claim to have the process abated is founded appear by the record, including the return of the officer, of which the court will take notice without plea, there the action may be dismissed on motion. In that case the motion is not intended to state new facts, but merely to bring to the attention of the court, and also to furnish notice to the other party, of those facts appearing on the record and return, which of themselves are sufficient to show that the action cannot be properly proceeded in for want of due service, or other defect in the proceedings. Testing this process by this rule, we think that the motion to dismiss the action is the proper course. It appears by the writ that the defendant is an

inhabitant of Rhode Island. It appears by the officer's return that no attachment was made except of the effects in the hands of Sanford, the trustee. It then appears, by the answer of that trustee, which is sworn to and is now to be taken as part of the record, that he is not liable to be charged as such trustee, because he is not an inhabitant of the Commonwealth. There was then no such service as can enable the court to proceed in the action, and the order to dismiss it is the proper judgment.

"The appearance of the defendant by attorney merely to move the court to dismiss the suit for want of service, cannot give the court jurisdiction, because it cannot be considered as a waiver by the defendant of the very exception which she comes to make."

For these reasons the judgment of the Circuit Court must be affirmed.

*Affirmed.*