Syllabus.

**Richmond.**

MOORE V. NORFOLK AND WESTERN RAILWAY CO.

March 13, 1919.

Absent, Prentis, J.

1. VENUE—*Plea in Abatement.*—In an action for personal injuries defendant railroad was properly served with process under sections 3225 and 3227, Code of 1904. The company failed to appear on the return day, and plaintiff having filed his declaration, a conditional judgment was entered as to defendant in accordance with the statute (section 3284, Code of 1904), and, at the subsequent rules, the company continuing in default, judgment was entered against it. Thereafter, at term, the company appeared specially, and moved to dismiss the action on the ground that the court had no jurisdiction over the cause, because it appeared upon the face of the declaration filed that the entire cause of action arose without the territorial jurisdiction of the court.

   *Held:* That the motion of the company to dismiss the case was, in truth, an objection directed merely against the venue of the action, and came in the wrong form and too late under section 3260 of the Code of 1904, which provides that such an objection cannot be allowed, unless taken by plea in abatement, which could not be filed at the stage of the proceeding at which the motion was made.

2. VENUE—*Jurisdiction—Sections* 3214 *and* 3215, *Code of* 1904.— Section 3214, Code of 1904, provides that any action at law may be brought in any county or corporation wherein any of the defendants reside, or if a corporation be a defendant, wherein its principal office is, or where its mayor, rector, president, or other chief officer resides. And section 3215, Code of 1904, provides that any action may be brought in any county or corporation wherein the cause of action or any part thereof arose. These sections of the Code fix the venue of the action. Accurately speaking, they do not confer "jurisdiction" upon any courts. They concern only the procedure of the courts touching the place of trial, or the venue of actions at law or of suits in equity. They confer merely a privilege upon the defendant to have the action or suit against him in such a case heard and determined in the local courts therein specified. But it

is a privilege which may be waived, and which, if about to be denied, must, in Virginia, be claimed by plea in abatement filed in pursuance of section 3260 of the Code of 1904; otherwise it will be lost, if the court in which the action or suit is brought has general jurisdiction of such an action or suit and has the subject matter and the proper parties, plaintiff and defendant, before it.

3. JURISDICTION—*Transitory Personal Action.*—Under section 3058 of the Code of 1904, circuit courts have original and general jurisdiction of all civil cases at law, and the instant case (an action for personal injuries) being a transitory personal action at law, the circuit court had jurisdiction of it, regardless of where the cause of action arose, the company having been served with process under sections 3225 and 3227 of the Code of 1904.

4. JURISDICTION—*Venue—Plea in Abatement.*—Where the proper parties are before a circuit court, then by virtue of the statute (section 3058 of the Code of 1904) and the common law rule on the subject, its territorial jurisdiction over persons and property is co-extensive with the bounds of the whole State, except as limited by the venue statutes, sections 3214 and 3215, Code of 1904; and but for such venue statutes, if a party defendant be once gotten before such court, in a litigation over a subject matter of which the court has general jurisdiction, and which subject matter is actually before the court by proper pleading and otherwise, such party would have no privilege of demanding that the trial should be had in any other court of the State, it matters not where the cause of action may have arisen or where else in the State the defendant may reside. And since the defendant owes to statute law the venue privileges given by sections 3214 and 3215, Code of 1904, of limiting the said broad territorial jurisdiction of the court aforesaid, the statute law may attach a condition to the enjoyment of such privileges; and section 3260, Code of 1904, has attached a condition thereto, namely, that such a privilege must be claimed by plea in abatement.

5. JURISDICTION—*Venue.*—Where a court has territorial jurisdiction but does not have the subject matter before it so as to give it actual jurisdiction or "active" jurisdiction thereof, or where it has territorial jurisdiction but has not "active" or actual jurisdiction of the proper party or parties, section 3260, Code of 1904, has no application. In such cases the defense of lack of jurisdiction is a substantial defense and is in its nature a bar to the action. It is not merely a dilatory defense. It does not go merely to the venue. Hence in such cases the defense need not be pleaded by a plea in abatement. It may be pleaded in bar, at rules or at term, or the defense may be otherwise made at term by motion to quash the process of summons or

by motion to dismiss the action or suit, as may be most appropriate; and, indeed, the court should, *ex officio, mero motu,* dismiss the action or suit, upon the facts disclosing the lack of jurisdiction appearing or being made to appear of record by any method which is in accordance with the prevailing practice.

6. PLEADING—*Declaration—Venue—Surplusage.*—In an action for personal injuries the declaration alleged that the injuries complained of were inflicted in the city of Lynchburg. Under section 3244 of the Code of 1904, this was an unnecessary averment for the purpose of laying the venue. It may, therefore, be treated as surplusage. Or it may be treated as an allegation of "original venue," or "fact-venue," which "raise no question as to the proper place of trial for the action," i. e., raised no question as to the "action-venue;" or it may be treated as matter of description. In any view of the allegation, the fact that the cause of action arose beyond the bounds of the county in which the action was instituted did not affect the jurisdiction of the trial court in the instant case, because the latter had actual jurisdiction both of the subject matter of and of the proper parties to the action. Hence, an amendment of the declaration so as to eliminate this allegation would be an immaterial amendment.

Error to a judgment of the Circuit Court of Campbell county, in an action of trespass on the case. Judgment for defendant. Plaintiff assigns error.

*Reversed.*

This is an action by the plaintiff in error against the defendant in error seeking to recover damages for alleged personal injuries. The parties will be hereinafter referred to as plaintiff and company, respectively.

The cause of action arose in the city of Lynchburg, the alleged injuries having occurred there on the railroad of the company, and this appears on the face of the declaration.

The action was instituted in the Circuit Court of Campbell county against the company as sole defendant, and was commenced by process returnable at rules. There was service of the process in Campbell county in accordance with section 3225 and 3227 of the Code, on a depot agent and telegraph operator of the company employed in such county

on its railroad. The company failed to appear at the return day of the process and failed then to demur, plead or answer, and, the plaintiff having filed his declaration, a conditional judgment was entered as to the defendant in accordance with the statute (section 3284 of the Code) in such case made and provided; and, at the subsequent rules, the company continuing in default, judgment was entered against it at rules, with an order for damages to be enquired into, in pursuance of such statute. Thereafter, at term, the company appeared specially, and, after due notice thereof to the plaintiff, filed the following motion in writing, namely:

"And now comes the defendant, and limiting its appearance to the point of questioning the jurisdiction of this court, says that this court has no jurisdiction over this suit, because it appears upon the face of the declaration filed herein that the entire cause of action arose without the jurisdiction of this court, to-wit, within the limits of the city of Lynchburg, whose courts properly have jurisdiction of the subject matter of this suit and of the parties, and that the circuit court of the county of Campbell ought not to retain jurisdiction of this cause, and hence the defendant moves the court to dismiss this suit and no longer retain jurisdiction thereof  *  *"

"Said motion will also be based upon the fact that it appears by the sheriff's return that the summons in this case was served on J. N. Finch, a depot agent and telegraph operator of the defendant at Rustburg, Campbell county, on February 5, 1918, there not being in said county either the president, cashier, treasurer, general superintendent or any one of the directors of said Norfolk and Western Railway Company on whom the same could be served."

The court below sustained such motion on the ground that it appeared of record that the court was without jurisdiction of the case, and dismissed the same, with costs against the plaintiff.

Thereupon the plaintiff moved the court to allow him to amend his declaration by striking out the portion thereof from which it appeared that the cause of action arose in the city of Lynchburg, which motion the court overruled, and refused to allow such amendment.

And the plaintiff brings error.

*A. H. Light,* for the plaintiff in error.

*F. S. Kirkpatrick, W. H. Mann* and *Theodore W. Reath,* for the defendant in error.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court.

The question raised by the assignments of error will be considered and passed upon in their order as stated below.

[1]    1.  Did the trial court have jurisdiction of the action in the instant case?

This question must be answered in the affirmative.

The position of the plaintiff is that the trial court did have such jurisdiction and that the motion of the company to dismiss the case was, in truth, an objection directed merely against the venue of the action, and came in the wrong form and too late under section 3260 of the Code (2 Pollard's Code 1904) ; that such an objection, as is expressly provided in such statute, cannot "be allowed, unless taken by plea in abatement;" which, of course, could not be filed at the stage of the proceeding in which said motion was made.

We consider such position well taken.

Section 3260 aforesaid, is as follows:

"Where the declaration or bill *shows on its face proper matter for the jurisdiction of the court no exception for want of such jurisdiction* shall be allowed unless it be taken

by plea in abatement. No such plea or any other plea in abatement shall be received after the defendant has demurred, pleaded in bar or answered to the declaration or bill, nor after a decree *nisi* or a conditional judgment at rules." (The italics are supplied, except of the word "*nisi*.")

[2] The company, on the other hand, relies upon sections 3215 and 3214 of the Code (2 Pollard's Code 1904) as being the authority which must, and the sole authority which can, be looked to as conferring jurisdiction of the instant case on the trial court.

Section 3215, so far as material, is as follows:

"Any action may be brought in any county or corporation wherein the cause of action or any part thereof arose * *"

Section 3214 so far as material, is as follows:

"Any action at law * * may be brought in any county or corporation.

"First: Wherein any of the defendants reside.

"Second: If a corporation be a defendant, wherein its principal office is, or where its mayor, rector, president, or other chief officer resides."

As to said section 3260 of the Code, the company contends that, "It appears upon the face of the declaration * * that the entire cause of action arose without the jurisdiction of the court, to-wit, within the corporate limits of the city of Lynchburg, whose courts properly have jurisdiction of the subject matter of this suit and of the parties."

Now, of course, it is true that under section 3215, the cause of action having arisen in the city of Lynchburg, its courts of general jurisdiction would have had jurisdiction of the instant case if it had been therein instituted and if process had been executed in accordance with the statute (section 3220 of the Code) in such case made and provided. It is also true that if the action had been brought against the company in the county or corporation wherein its principal office is or its president or other chief officer resides,

the court of general jurisdiction of such county or corpora-
tion would have had jurisdiction of the action, by virtue of
said section 3214. But that is so because those sections of
the Code so fix the venue of the action in such a case. Accu-
rately speaking such sections of the Code do not confer "ju-
risdiction" upon any courts. They concern only the proced-
ure of the courts touching the place of trial, or the venue of
actions at law or of suits in equity. They confer merely a
privilege upon the defendant to have the action or suit
against him in such a case heard and determined in the local
courts therein specified. But it is a privilege which may be
waived, and which, if about to be denied, must, in Virginia,
be claimed by plea in abatement filed in pursuance of section
3260 of the Code aforesaid; otherwise it will be lost, if the
court in which the action or suit is brought has general ju-
risdiction of such an action or suit and has the subject mat-
ter and the proper parties, plaintiff and defendant, before it.
Burk's Pleading and Pr. pp. 273, 280-4, 916-917; 40 Cyc.
12-14, 16, 22-23, 41-43, 103-5, 107, 111 and notes; Notes
on Eq. Procedure, Washington and Lee University, section
21, Lile's Notes on Eq. Jur., p. 8; Lile's Notes on Eq. Pl.
& Pr. sections 8, 9, 25; *Shaver* v. *White,* 20 Va. (6 Munf.)
110, 112, 8 Am. Dec. 730; The Resolute, 168 U. S. 437, 18
Sup. Ct. 112, 42 L. Ed. 533; *Nelson* v. *C. & O. R. Co.,* 88 Va.
971, 14 S. E. 838, 15 L. R. A. 583; *Wells* v *Hughes' Ex'r,* 89
Va. 543, 16 S. E. 689; *Buster* v. *Ruffner,* 19 Va. (5 Munf.)
27; *Hughes* v. *Hall,* 19 Va. (5 Munf.) 431; *Reed et al* v.
*Gold,* 102 Va. 37, 40, 45 S. E. 868.

[3] Sections 3214 and 3215 of the Code, therefore, are
not the source of authority which should be looked to as con-
ferring *jurisdiction* on the trial court of the instant case.
Under section 3058 of the Code (2 Pollard's Code 1904)
the trial court had " * * original and general juris-
diction of all * * civil cases at law." And this being
a transitory personal action at law, the trial court had

jurisdiction of it, regardless of where the cause of action arose, the company having been so served with process (under sections 3225 and 3227 of the Code) as to bring it before the court as a party defendant. *Nelson* v *C. & O. R. R. Co.,* 88 Va. 971, 14 S. E. 838, 15 L. R. A. 583; 40 Cyc. 17-19, 35-8, 103-105, 107.

The "proper matter" for the jurisdiction of the court, mentioned in section 3260 aforesaid, has reference to subject matter over which the court has territorial jurisdiction, and the "jurisdiction" referred to is the territorial jurisdiction of the court over such subject matter, which jurisdiction involves the venue of the suit or action.

[4]    That is to say, where the proper parties are before a circuit court, then by virtue of the statute (section 3058 of the Code) and the common law rule on the subject, its territorial jurisdiction over persons and property is co-extensive with the bounds of the whole State, except as limited by the venue statutes, sections 3214 and 3215; and but for such venue statutes, if a party defendant be once gotten before such court, in a litigation over a subject matter of which the court has general jurisdiction, and which subject matter is actually before the court by proper pleading and otherwise, such party would have no privilege of demanding that the trial should be had in any other court of the State, it matters not where the cause of action may have arisen or where else in the State the defendant may reside.   And since the defendant owes to statute law the venue privileges given by sections 3214 and 3215 of limiting the said broad territorial jurisdiction of the court aforesaid, the statute law may attach a condition to the enjoyment of such privileges.   And section 3260 aforesaid has attached a condition thereto, namely, that such a privilege must be claimed by plea in abatement.

Therefore, since the declaration in the case before us showed on its face that the trial court had general juris-

diction of the subject matter of the action; since there is no question raised but that the pleadings put such subject matter in issue before such court (*Linkous* v. *Stephens,* 116 Va. 898, 908, 83 S. E. 417; *Turner* v. *Barraud,* 102 Va. 324, 327, 46 S. E. 318) ; and since the process summoning the company to answer was duly served so as to give the court jurisdiction of its person as party defendant (so that both the subject matter of the action and the proper parties thereto were before it), the trial court had jurisdiction of the case. And since the company did not object to the venue by plea in abatement, as the statute in such case requires if it intended to claim its venue privilege, such jurisdiction remained undisturbed by the motion of the company aforesaid.

The case of *Hilton* v. *Consumers' Can Co.,* 103 Va. 255, 48 S. E. 899, the quotation therein from *Nye* v. *Liscombe,* 21 Pick. (Mass.) 263; Burks' Pleading & Pr., pp. 269 and 327; *Ratcliff* v. *Polly,* 12 Gratt. (53 Va.) 528; and 14 Cyc. 434-5; are cited and relied on by the company as being contrary to such a conclusion as that above reached. But an examination of those authorities discloses that all of them concern cases where there was no subject matter before the court which was within its general jurisdiction, or where the party objecting to the jurisdiction was not before the court.

[5] Those of the character of cases just referred to which concern the subject matter of the litigation do not involve a "want of jurisdiction of the court" in the sense in which the terms here quoted are used in section 3260 aforesaid, which, as we have seen, is a lack of territorial jurisdiction of the subject matter. The court in those cases had such jurisdiction; but it did not have the subject matter before it so as to give it actual jurisdiction thereof (or "active" jurisdiction thereof—to use a word adopted by Mr. Lile in his learned and valuable work on Pleading and

Practice above cited), which is a wholly different thing
from a want of territorial jurisdiction in the premises. The
other of such cases disclose also a want of jurisdiction of
the court because of another reason, not referred to in such
statute, namely, because of the lack of actual (or "active")
jurisdiction of the proper party or parties. Both classes
of such cases present a situation, as to subject matter or
parties, in which no court in the State would have had ac-
tual (or "active") jurisdiction. Hence we find that section
3260 aforesaid has no application where the defendant is
not before the court; nor where the subject matter of the
action or suit, although within its territorial jurisdiction,
is not in fact before the court. In such cases the defense of
lack of jurisdiction is a substantial defense and is in its na-
ture a bar to the action. It is not merely a dilatory de-
fense. It does not go merely to the venue. Hence, in such
cases the defense need not be pleaded by a plea in abate-
ment. It may be pleaded in bar, at rules or at term, or
the defense may be otherwise made at term by motion to
quash the process of summons or by motion to dismiss the
action or suit, as may be most appropriate; and, indeed, the
court should, *ex officio, mero motu,* dismiss the action or
suit, upon the fact disclosing the lack of jurisdiction ap-
pearing or being made to appear of record by any method
which is in accordance with the prevailing practice. *Warren
v. Saunders,* 68 Va. (27 Gratt.) 259; *Deatrick's Adm'r* v.
*State Life Ins. Co.,* 107 Va. 602, 59 S. E. 489; *Hilton* v. *Con-
sumers' Can Co., supra,* 103 Va. 255, 48 S. E. 899; *Raub* v.
*Otterback,* 89 Va. 645, 16 S. E. 933; *Noell* v. *Noell,* 93 Va.
433, 25 S. E. 242; *Lane* v. *Bauserman,* 103 Va. 146, 48 S.
E. 857, 106 Am. St. Rep. 872; *Green* v. *Massie,* 62 Va. (21
Gratt.) 356, 362; *Jones* v. *Bradshaw,* 57 Va. (16 Gratt.)
355, 361.

But, as aforesaid, such a case is not now before us.

[6]    2.    Was there error in the action of the trial court

in its refusal to allow the plaintiff to amend the declaration so as to eliminate therefrom the portion thereof which alleges that the injuries complained of were inflicted in the city of Lynchburg?

That, under section 3244 of the Code, was an unnecessary averment for the purpose of laying the venue. *N. & W. Ry. Co.* v. *Ampey,* 93 Va. 108, 128, 25 S. E. 226. It may, therefore, be treated as surplusage. Or it may be treated as an allegation of "original venue," or "fact-venue," which "raise no question as to the proper place of trial for the action," i. e., raised no question as to the "action-venue" (40 Cyc. 11-15) ; or if may be treated as matter of description (Burks' Pleading and Pr. pp. 917-918; 40 Cyc. 24).

In any view of the allegation, however, as we have seen above, the fact that the cause of action arose beyond the bounds of the county in which the action was instituted did not affect the jurisdiction of the trial court in the case in judgment, because that latter had actual jurisdiction both of the subject matter of and of the proper parties to the action. Hence, the amendment of the declaration sought was an immaterial amendment.

The question under consideration must, therefore, be answered in the negative.

However, for the reasons above given, the order of the trial court dismissing the action must be reversed.

*Reversed.*