# Wytheville.

## John B. Winfree, Jr., and Others v. Isaac T. Mann and Pocahontas Fuel Company, Inc.

June 12, 1930.

Absent, Campbell and Holt, JJ.

The opinion states the case.

*Caskie, Frost & Coleman*, for the plaintiffs in error.

*H. R. Hawthorne* and *Strode & Edmunds*, for the defendants in error.

EPES, J., delivered the opinion of the court.

The question here in issue arises out of an attachment proceeding instituted in the Corporation Court for the

city of Lynchburg by John B. Winfree, Jr., and other perferred stockholders of Smith-Briscoe Shoe Company, Incorporated, against Isaac T. Mann, principal defendant, and Pocahontas Fuel Company, Incorporated, codefendant, seeking to recover from said Mann damages for alleged torts committed by him while an officer and director of Smith-Briscoe Shoe Company, Incorporated, which it is alleged resulted in pecuniary loss to said plaintiffs.

The merits of the claim asserted by the plaintiffs against said Mann are not here material. The trial court, by its judgment entered January 3, 1929, quashed the attachment and dismissed the proceeding on pleas in abatement on the ground, as stated by the court, that the "court is without venue and jurisdiction in the premises."

To said judgment of the court quashing the attachment and dismissing the proceeding the plaintiffs below assign error.

The cause of action, if any there be, arose in the city of Lynchburg, where the attachment was sued out.

The sole principal defendant is a non-resident of the State of Virginia, who has been proceeded against by an order of publication; but he has not been served with process, nor has he appeared generally or specially in the proceedings had in this cause either in the court below or in this court.

The sole codefendant named is the Pocahontas Fuel Company, Incorporated, a Virginia corporation having its principal office in Tazewell county, Virginia, which appeared specially and filed the pleas in abatement upon which said order of January 3, 1929, was entered, and is here appearing in defense of this writ of error.

The only ground for attachment alleged in the petition for attachment is as follows:

"Isaac T. Mann is a non-resident of the State of Virginia . * * * * * and has estate and debts due to him in the State of Virginia, and especially he is the owner of a large amount of capital stock of the Pocahontas Fuel Company, Incorporated, a corporation chartered under the laws of the State of Virginia, with its head office at Pocahontas, Virginia."

Clearly the petition for attachment does not allege that the principal defendant, Mann, has either estate or debts owing to him in the city of Lynchburg or that he is entitled to the benefit of any lien, legal or equitable, on property, real or personal, within the city of Lynchburg; and so far as this record discloses he has none. Pocahontas is a town in Tazewell county, Virginia.

The prayer of the petition is "that an attachment be issued forthwith against the estate of Isaac T. Mann, principal defendant, especially against such stock in the Pocahontas Fuel Company, Incorporated, and any other assets in the hands of the said corporation belonging to said Mann, or debts due by them to him, if any."

Upon the petition verified by affidavit, no other affidavit being filed, the clerk of the Corporation Court of the city of Lynchburg issued the attachment here in issue, which for the purposes of the inquiry here before us we shall treat as having been validly served upon the codefendant in Tazewell county, Virginia, though the validity of such service is questioned by said codefendant.

The codefendant appeared specially and filed five pleas in abatement, which go to the sufficiency of the service of the attachment, and the right of the plaintiffs to proceed against this codefendant in the city of Lynchburg upon the facts set out in the petition for

attachment. The plaintiffs moved to strike out four of said pleas and demurred to the fifth plea.

Aside from the question of the sufficiency of the service of the attachment upon the codefendant, upon which the court below did not pass and which need not here be further noticed, the substantial issue presented by said pleas, motions and demurrer is this: May an attachment be sued out against a sole non-resident principal defendant in the county or city in which the cause of action arose where such defendant neither has estate nor debts owing to him in such county or city, nor is entitled to a lien on any property therein, when the only ground for attachment alleged is that the non-resident principal defendant has estate or debts owing to him in a named county or city in Virginia other than that in which the cause of action arose?

We are here concerned only with the issuance and maintenance of a writ of attachment in its office as an attachment, and not with the proceedings which may be had upon a petition for attachment in its office as a notice of motion for judgment under the provision of section 6404, which provides that, though the plaintiff may have no right to sue out an attachment, the court shall, where process has been served upon the principal defendant or he has appeared generally, proceed to final judgment thereon as if it had been a motion matured for hearing under section 6046.

In the court below the plaintiffs in error raised the issue that because of the provisions of section 6403 of the Code, such defense may not be made by a codefendant, and must be made, if at all, by the principal defendant, but they here waive the point, and the only question here presented to the court is the question above stated.

The plaintiffs in error contend that the above stated question should be answered in the affirmative. We are of opinion that it must be answered in the negative. In support of their contention the plaintiffs in error present a chain of argument, which briefly stated is as follows:

By section 6380, Code Virginia, 1919, general jurisdiction of attachments is conferred upon all circuit courts and corporation courts having jurisdiction in common-law cases. Therefore, under reasoning analogous to that in *Moore* v. *N. & W. Ry. Corp.*, 124 Va., 628, 98 S. E. 636, and *Southern Sand Co.* v. *Massaponax, Etc., Corp.*, 145 Va., 317, 133 S. E. 812, any such court has the power, *so far as questions of jurisdiction are concerned*, to issue any attachment and hear and determine the proceedings thereon unless restrained from the exercise of such jurisdiction by some statute fixing the venue of attachment proceedings.

By section 6381 entitled "Venue of Attachments," it is provided that the venue of attachments "shall be the same as in actions at law where the right of action has accrued, or the attachment may be issued in the county or city in which the principal defendant has estate or debts owing to him;" and section 6383 provides that "every attachment, except an attachment for rent, shall be commenced by a petition filed in the . . . . county or city in which venue is given by section 6381."

Sections 6387 and 6389 provide in part as follows:

"Section 6387.—Any attachment issued under this chapter may be directed to the sheriff, sergeant or constable of any county or city." . . . . . . .

Section 6389.—(4th paragraph) "An attachment may be levied upon any estate of the defendant, whether the same be in the county or city in which the

attachment issued, or in any other, either by the officer of the county or city wherein the attachment issued, or by the officer of the county or city where the estate is."

Therefore, the plaintiffs in error assert an attachment may always be issued in the county or city in which the cause of action arose, and the writ of attachment sent to another county or city to be levied or served upon the codefendant.

It would be without profit to discuss the correctness or incorrectness of this chain of reasoning in this case; for it takes no cognizance of the fact that the allegation of the existence of a statutory ground for attachment is a *sine qua non* to the issuance of an attachment by any court, and the proof of the existence of the ground of attachment alleged is a *sine qua non* to the maintenance of an attachment issued by any court. We here again call attention to the fact that we are not here referring to the maintenance of proceedings upon the petition in the office of a notice of motion for judgment, but to an attachment in its office as such.

An attachment is purely a statutory remedy. The jurisdiction thereof is a special and limited jurisdiction; and a court, even of general jurisdiction, cannot proceed by attachment unless the power rests upon express statutory authority. In order that a court may have jurisdiction to issue any particular attachment it is not enough that it be a court upon which the statute has conferred the power to use the process of attachment; but, conceding its power to use the process of attachment, the court must have before it a case in which the use of such process is authorized by the statute. Until a statutory ground for the issuance of an attachment be alleged, no court has an exercisable jurisdiction to issue an attachment.

Section 6381 relates only to venue of attach-

ments, and creates no ground for attachment. It merely fixes the venue of attachments in those cases in which the issuance of an attachment is authorized under section 6379, or some other section of chapter 269 of the Code.

Section 6378 provides that: "If any person have a claim . . . . . to damages for a wrong . . . . he may sue out an attachment therefor on any one or more of the grounds stated in the following section". . . . .

■ Section 6379 reads, so far as is here material, as follows (italics ours): "The following shall be sufficient grounds for an attachment. That the principal defendant or one of the principal defendants:

"First: Is a foreign corporation, or is not a resident of this State, and has estate or debts owing to said defendant within the county or city *in which the attachment is*, or that said defendant being a non-resident of this State, is entitled to the benefit of any lien, legal or equitable, on property, real or personal, within the county or city *in which the attachment is*" . . . . .

The decision of the question here before the court depends upon the correct construction of that part of section 6379 above quoted, and particularly upon the meaning of the words *"in which the attachment is."*

The plaintiffs in error contend that these words should be construed to mean "in which the writ of attachment is levied;" and in support of this contention argue as follows:

(1) The *attachment is* where the writ of attachment is levied or served upon the codefendant, not where it is issued, unless the levy or service be in the county or city of issue.

(2) If the words "in which the attachment is" be construed to mean *in which the attachment proceeding is instituted*, then section 6379 is in direct conflict with the

provision of section 6381, and the provisions of sections 6387 and 6389 above quoted.

(3) In section 2959, Code Virginia 1904, from which section 6379, Code Virginia 1919, was adapted, the language was "in which the action is." The change in terminology was deliberately made by the revisors of the Code in 1919, in order to make section 6379 harmonize with the provisions of the venue statute (section 6381), which is a new section not contained in or adopted from any section contained in the Code prior to the revision of 1919.

"The defendant in error contends, we think correctly, that the words "in which the attachment is 'mean' in which the attachment proceeding is instituted."

█ In revising the Code of 1919, the revisors rewrote the law of attachments and substituted for both attachments at law and attachments in equity one procedure. This new procedure is a hybrid. It is neither a formal action at law nor a bill in equity, but a new statutory procedure. It is in the nature of a proceeding at law, but with equity powers where necessary to attain the ends of justice.

█ The attachment proceeding is constantly referred to in chapter 269 entitled "Attachments" and in the notes of the revisors thereto as an attachment. The use of the words *the attachment is* in the said phrase in section 6379, Code 1919, in place of the words *the action is* used in section 2959 of the Code of 1904, was manifestly to designate by appropriate name the new statutory proceeding which had been created and substituted for the former action. The proceeding is constantly referred to in chapter 269, entitled "Attachments," and in the notes thereto of the revisors as an attachment; and the revisors in their note to section 6379 say: "This section is taken from sections 2959

and 2961 of the Code of 1887, without material change except to add the sixth ground of attachment." If the words "attachment is" be construed as here contended for by the plaintiffs in error, it would have the result of making a most material change in the first ground of attachment provided under section 2959 of the Code of 1887 (and 1904).

If the words "attachment is" be construed to mean "attachment proceeding is instituted," there is no such conflict between section 6379 and sections 6381, 6387, and 6389 as would require that the construction contended for by the plaintiffs in error be given to section 6379 in order to make the provisions of section 6379 harmonize with the provisions of sections 6381, 6387, and 6389.

The provisions of section 6381 are general, and there may be and are attachment proceedings to which all the terms thereof are not applicable. The fact that the statute prescribing the grounds upon which an attachment may issue does not authorize the issuance of an attachment in some cases in which, if an attachment were authorized, the general statute prescribing the venue of attachment would be broad enough to lay the venue thereof, may not properly be said to constitute a conflict between the two statutes.

When the words in section 6379 "in which the attachment is" are, as we think they should be, construed to mean "in which the attachment proceeding is instituted," it is clear that the petition for attachment in the case at bar alleges no ground for an attachment.

Where the petition for attachment does not allege any of the grounds for attachment provided by the statute, if the principal has not appeared generally or been served with process, the court should quash

any attachment issued thereon and dismiss the petition on a motion to quash (section 6404, Code of Virginia 1919); or it may do so of its own motion, and ought to do so, as it is the duty of every court, *ex officio*, to disclaim a jurisdiction which it is not entitled to exercise. *McAllister* v. *Guggenheimer*, 91 Va. 317, 21 S. E. 475.

*Affirmed.*