# Richmond

FAUQUIER NATIONAL BANK, ADMINISTRATOR, ETC. V.
HAZELWOOD SAVINGS AND TRUST COMPANY,
INCORPORATED, ETC.

November 14, 1935.

Present, All the Justices.

The opinion states the case.

*Page & Leary, B. Richards Glascock* and *W. H. Robertson,* for the plaintiff in error.

*John. Galleher, Cecil Conner, Leake & Buford* and *Littleton M. Wickham,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

A writ of error was allowed from an order entered in an attachment proceeding by the Circuit Court of Fauquier county on the sixth day of October, 1933, by which order a judgment for the sum of $25,000 with interest and costs was adjudged to be a lien on certain land of one Harrison Nesbit, deceased, the plaintiff in error having qualified as administrator *cum testamento annexo* of said estate.

The record shows that the Franklin Savings and Trust Company, Incorporated, a Pennsylvania corporation, filed its petition for an attachment on July 31, 1931, against the

real estate of Harrison Nesbit in Fauquier county, Virginia, on the ground that the latter was not a resident of the State of Virginia and had estate or debts owing to him within the county of Fauquier. The petition for attachment was based upon an indebtedness due the petitioner as holder in due course and for value on a note for the sum of $25,000 made by one Chas. Reid Riley and endorsed by Harrison Nesbit. Process against Nesbit was by order of publication. Levy of the attachment was made by the sheriff on several tracts of land owned by Nesbit on the same date of the filing of the petition. The return on the attachment writ showed the names of certain persons written thereon and recited in addition to the levy "and by service of the attachment on the persons residing on such real estate and now in actual possession." Harrison Nesbit died on October 21, 1931, and no further proceedings were had in the matter until June 7, 1932, when the Hazelwood Savings and Trust Company, Incorporated, a Pennsylvania corporation, assignee of the Franklin Savings and Trust Company, Incorporated, became a party to the proceedings by petition, which petition set forth the assignment of the claim of the Franklin Savings and Trust Company to it, and asked that the proceedings be revived in the name of the Fauquier National Bank, the administrator, c. t. a., of the estate of Harrison Nesbit, deceased, which was accordingly done. Subsequently the administrator appeared specially and moved to quash the attachment and on June 5, 1933, the court overruled this motion, and permitted the sheriff to amend his return on the writ to show that he had delivered a true copy of the writ to certain persons therein named whom he had found in possession of each parcel of land. Thereafter the answer of the administrator was filed in the proceeding, together with a renewal of the motion to quash the attachment. In the answer it was admitted that the Trust Company had qualified as the administrator c. t. a., of the estate of Harrison Nesbit, and it was alleged that at the time of the death of Nesbit and

at the time of filing the answer the estate was insolvent; that there were numerous creditors of the estate; that said debts upon the death of Harrison Nesbit became liens on all his property. Each and every allegation of the amended petition was denied. On October 6, 1933, a jury being waived by agreement of the parties, the case was submitted to the court upon the issues of law and fact, and upon the hearing of the evidence, the court entered the order of which the administrator here complains.

Several assignments of error are made to the rulings of the trial court, the first of which deals with the overruling of the motion of the administrator of Harrison Nesbit to quash the attachment. Various grounds were assigned as the basis of this motion, but that most seriously urged in this court is the failure of the petitioner in the original petition to make the parties in possession of the real estate sought to be attached parties defendant to said petition as required by section 6383 of the Code of Virginia, 1930, and for this reason it is contended that no valid attachment could issue.

Prior to the Code of 1919, by numerous decisions of this court, it was held that the remedy under the attachment laws, being in derogation of the common law, solely a creature of the statute, harsh and extraordinary in its operation, can only be sustained when the requirements of the statute, strictly construed, have been complied with. *Taylor* v. *Sutherlin-Meade Tobacco Co.,* 107 Va. 787, 60 S. E. 132, 14 L. R. A. (N. S.) 1135; *Damron & Kelly* v. *Citizens' National Bank,* 112 Va. 544, 72 S. E. 153; *McAllister* v. *Guggenheimer,* 91 Va. 317, 21 S. E. 475.

Many changes were made in the attachment laws of this State by the revisors of the Code in 1919. The object of these changes was to simplify and clarify the procedure in such proceedings, to make the law more workable, and to permit amendments in the interest of substantial justice between the parties. *Burks' Address,* 5 Va. Law Reg. (N. S.) 133.

Regardless of the great measure of simplification of

the procedure provided by the revision of 1919, and the liberality of amendments to such procedure permitted thereby, the effect of such proceedings remains the same, in so far as they concern the debtor and his property. The existing statute recognizes certain rights of the debtor and enjoins upon the creditor certain procedural requirements which are essentially mandatory for the purpose of safe-guarding these rights. Unless it affirmatively appears that such steps were taken, a valid lien cannot be acquired. Substantial compliance with the present statute is as essential to the creation of a valid lien as it was prior to the revision.

Section 6383 of the Code of 1930 provides in part as follows: "The person or persons against whom the plaintiff is asserting the claim shall be made defendant or defendants to said petition and shall be known as the principal defendant. There shall also be made defendants any person indebted to or having in his possession property, real or personal, belonging to a principal defendant which is sought to be attached * * *."

■ The requirements of this statute are plain and unambiguous, and until it appears that its mandatory provisions have been met the court is without jurisdiction to exercise any power over the property sought to be attached.

In the recent case of *Winfree* v. *Mann,* 154 Va. 683, 153 S. E. 837, 839, the court said: "An attachment is purely a statutory remedy. The jurisdiction thereof is a special and limited jurisdiction; and a court, even of general jurisdiction, cannot proceed by attachment unless the power rests upon express statutory authority. In order that a court may have jurisdiction to issue any particular attachment it is not enough that it be a court upon which the statute has conferred the power to use the process of attachment; but, conceding its power to use the process of attachment, the court must have before it a case in which the use of such process is authorized by the statute."

■ It is equally as true that the court must acquire

jurisdiction over the property to be attached through the statutory proceedings prescribed before there can exist a valid lien on such property. *Abel* v. *Smith,* 151 Va. 568, 144 S. E. 616. Such a lien is not acquired by virtue of the inherent jurisdiction of the court over the property, on the contrary the court's power over such property does not exist and cannot be exercised until a substantial compliance with the statutory prerequisites appears. These, and only these, procedural prerequisites give the creditor the right to a lien, and when such right is established the court is clothed with jurisdiction over the attached property.

We are of the opinion that the failure to make the persons in possession of the real estate sought to be attached, parties to the petition for attachment as prescribed by section 6383 of the Code of 1930, is a substantial defect in the proceeding, and no lien was acquired under the writ issued pursuant thereto.

In reaching our conclusion we have not been unmindful of the provisions of Code, section 6409, and the liberality indulged and permitted in attachment proceedings by amendment, since the revision of 1919. We have carefully considered the language of that section and particularly the concluding sentence, which is that "No attachment shall be quashed or dismissed for mere formal defects." We do not think however, that the General Assembly, by the provisions of section 6409, intended to wipe away and destroy the mandatory procedural requirements of section 6383. If it had been the legislative intent to abrogate the requirements of section 6383 and especially the requirement that a party in possession of real estate must be made a party defendant, then surely it would have done so by some express language free from doubt as to its meaning.

There are other assignments of error having to do with certain irregularities of the attachment procedure in this case, but it will serve no good purpose to discuss them in view of the opinion herein expressed.

The defendant in error moved to dismiss the writ of error awarded in this case on the ground that the plaintiff in error as administrator c. t. a., of the estate of Harrison Nesbit is without interest in the subject matter of the controversy and is not aggrieved by the judgment of the trial court. This contention is not impressive in view of the fact that the real estate sought to be attached, passed by the will of Harrison Nesbit under the control and management of the plaintiff in error, with full power of disposal for the settlement of the estate. This case bears no analogy to that class of cases where the lower court by its order has determined between creditors or distributees their respective rights to funds of an estate in the custody of the personal representative. Under the facts here existing this motion must be denied.

For the foregoing reasons, we are of the opinion that the order of the lower court should be reversed and this proceeding dismissed.

*Reversed and dismissed.*