## CIRCUIT COURT OF THE CITY OF NORFOLK

Walter D. Coggins

v.

Southern Railway Co.

February 13, 1987

Case No. (Law) L-86-293

By JUDGE LEONARD B. SACHS

I have considered the briefs and arguments of counsel and have concluded that the defendant's Motion to Dismiss must be overruled.

As the Court views the case, it is nothing but the standard sort of venue issues that arise in every personal injury case.

A personal injury case is a transitory cause of action which may be litigated wherever the plaintiff can obtain jurisdiction over the defendant regardless of where the cause of action arose.

This is no new theory. It was enunciated to the detriment of the railroad in the case of *Moore v. Norfolk and Western Railway Company*, 124 Va. 628 at 634 and 635 (1919).

In the *Moore* case, the suit was filed and service of process was made upon a depot agent in Campbell County at Rustburg and the telephone operator of the defendant at Rustburg.

The defendant objected to the jurisdiction *after it was in default* alleging that there was no "president, cashier, treasurer, general superintendent, or any one of the directors of the said Norfolk and Western Railway Company on whom the same could be served." The cause of action occurred in Lynchburg, but the holding was that

since this was a transitory cause of action and the Circuit Court of Campbell County did have jurisdiction over personal injury cases and the defendant could be served in that jurisdiction under the provisions of the Virginia Code, then in that case, the Circuit Court of Campbell County had jurisdiction over the person of the defendant and the subject matter and because they did not "object to the venue by plea in abatement," the jurisdiction remained undisturbed by the motion of the company aforesaid.

Under newer statute relating to venue it is quite clear that the venue in Virginia now for personal injury cases under § 8.01-262.1., .2, and .3, are all proper "permissible venues for this cause of action."

Under 8.01-265 of the Code, the Court may transfer it to "any fair and convenient from having jurisdiction within the Commonwealth, or. . . on motion of a plaintiff and for good cause shown, may retain the action for trial."

The statute goes on further to state that "nor shall any action brought in a permissible forum pursuant to Section 8.01-262 be dismissed on the basis that there is a more convenient forum in a jurisdiction other than in the Commonwealth of Virginia." The Court perceives nothing unconstitutional about this statute. It does not invidiously discriminate against the defendant in this case nor anyone in the defendant's class. It is your standard transitory cause of action problem, and the legislature is well within its rights and power to enact this statute in the opinion of this Curt as it cannot, as can the Federal Court, under the doctrine of *forum non conveniens* transfer the case to another district in another state.

The doctrine of *forum non conveniens* as set forth in § 8.01-265 includes "the agreement of the parties or the avoidance of substantial inconvenience to the parties or the witnesses." However, it is within the discretion of the Court as to whether or not to exercise that authority within this state, but it is not within the discretion of the Court to exercise such authority when the defendant wishes to have the case transferred out of the state to the place where the tort occurred.

Section 8.01-257 of the Code states that:

> It is the intent of this chapter that every action shall be commenced and tried in a forum convenient to the parties and witnesses, where justice can be administered without prejudice or delay.

This section, however, which sets forth the doctrine of forum non conveniens in Virginia must be read in connection with § 8.01-265 which modifies the general proposition of § 8.01-257.

Further, it is axiomatic that all statutes are presumed to be constitutional, and the Court perceives no invidious discrimination in this case which would deny the equal protection of the laws under either the Virginia or Federal Constitution to the defendant nor to any member of the defendant's class. The statute is equally applicable to an automobile accident which occurs in Georgia or to a fist fight which occurs in Georgia where the plaintiff in either of those hypothetical cases would come to Virginia and find the defendant who is a resident of Virginia and serve them with process in Virginia claiming personal injury and damages resulting therefrom. In neither case, the automobile accident, the fist fight, nor the railroad case, can the cause of action be transferred to another state or dismissed under the doctrine of forum non conveniens.

The Court perceives this as the statutory expression of traditional legal principles which does not raise any constitutional issue, and accordingly, the defendant's Motion to Dismiss is denied.